(113 So. 84)

### E. M. FREEZE & CO. v. TEAL et al. (7 Div. 720.)

Supreme Court of Alabama.   May 19, 1927.

Rehearing Denied June 15, 1927.

**1. Appeal and error 80(5)—Decrees confirmatory of special register's report, fixing liens and recommending sale of property, held appealable.**

Decrees based on the report of a special register, fixing liens and recommending sale of property, and in the main confirmatory of same and operating to settle the equities of the case, *held* appealable.

**2. Appeal and error 76(1)—Test of finality of decree to support appeal is whether decree declares parties' rights and settles equities.**

The test of the finality of a decree to support an appeal is not whether the cause remains in fieri, but whether the decree rendered ascertains the rights of the parties and settles the equities.

**3. Appeal and error 641—Where security for costs and register's certificate recited appeal from decree rendered June 28, and three appealable decrees were rendered in June, none being on June 28, appeal will be dismissed.**

Where the security for costs and the certificate of the register recited that the appeal was from decree rendered June 28, and there was no decree on that date, and three appealable decrees were rendered in June, motion to dismiss the appeal will be sustained.

Appeal from Circuit Court, St. Clair County; O. A. Steele, Judge.

Bill in equity by the Pell City Hardware Company against H. S. Teal, E. M. Freeze & Co., and others, and cross-bill by E. M. Freeze & Co. From the decrees rendered, E. M. Freeze & Co. alone appeals. Appeal dismissed.

Frank B. Embry, of Pell City, and Goodwyn & Goodwyn, of Montgomery, for appellant.

The insertion of the date in the appeal bond was a mere error or mistake, and opportunity for correction should be allowed. Strain v. Irwin, 199 Ala. 592, 75 So. 151; U. S. S. & L. Co. v. Leftwich, 132 Ala. 131, 31 So. 474.

M. M. Smith, of Pell City, for appellees.

The appeal is not taken from any decree, and there are no other elements present to show with certainty what decree was intended. The appeal must be dismissed. Strain v. Irwin, 199 Ala. 592, 75 So. 151; U. S. S. & L. Co. v. Leftwich, 132 Ala. 131, 31 So. 474.

PER CURIAM. [1-3] The security for costs, as well as the certificate of the register, recites that the appeal is from a decree rendered June 28, 1926. We find no decree bearing such date. There are three decrees ren-

dered in June; two June the 4th, and one June the 1st. If there were but one decree in June, we might be able to hold that the date of the security was a clerical error, and that it applied to that decree; or, if but one of the decrees rendered in June was appealable, we might be able to adopt the suggestion of appellant's counsel that the appeal was taken from the appealable decree; but we cannot agree to the contention that the decree of June the 4th, which appears last in the record, is the only appealable one. While the other decrees are based on the report of the special register, and are, in the main, confirmatory of same, they operate to settle the equities of the case, as the report establishes and fixes the respective liens and recommends a sale of the property. In fact, they settle the rights of the parties, and all that is left open is to provide for a sale of the property in satisfaction of same. Foley v. Leva, 101 Ala. 399, 13 So. 747. The test of the finality of a decree to support an appeal is not whether the cause remains in fieri, but whether the decree rendered ascertains and declares the rights of the parties and settles the equities. Ex parte Elyton Land Co., 104 Ala. 88, 15 So. 939. We are therefore constrained to sustain the appellees' motion to dismiss the appeal, and which is accordingly done. U. S. Savings Co. v. Leftwich, 132 Ala. 131, 31 So. 474.

Appeal dismissed.

ANDERSON, C. J., and SAYRE, GARDNER, and BOULDIN, JJ., concur.