(122 So. 297)

**PAIR et al. v. RICE.  (7 Div. 516.)**

Court of Appeals of Alabama.   April 9, 1929.

Rehearing Denied May 14, 1929.

A. L. Crumpton, of Ashland, for appellants.

Hardegree & Cockrell, of Ashland, for appellee.

RICE, J.   This was a suit by appellee against appellants on a promissory note, with waiver of exemption as to personal property.

After proper preliminary proof as to the note sued on having been lost since the institution of the suit, testimony was admitted as to its contents.

■ Appellants admitted the execution of the note, in all respects as it was identified by the testimony on behalf of appellee, and admitted that it was due and unpaid. In fact, they admitted appellee's case, except, and they relied solely for a defense upon the fact set up in their special plea to that effect, that they claimed the note was given for an illegal consideration, and was therefore void.

Appellant's plea in substance averred a violation by appellee of the terms of sections 3 and 4 of the Act of the Legislature of Alabama approved September 14, 1923 (Gen. Acts 1923, p. 320), which act was in force at the time of the sale, in selling to them a motor vehicle which was the sole consideration for the execution of the note sued on, without delivering to them "a certificate of title to said motor vehicle with an endorsement on the back of such certificate assigning the same to the purchaser as provided in Sec. 3 of an Act," etc. (referring to section 3 of the Act approved September 14, 1923, supra).

All that seems necessary to be said as to this plea is that its legal sufficiency, vel non, is not before us for decision. Appellee's demurrers to it were overruled.

■ Appellee contended, and introduced testimony tending to show, that he, having purchased the motor vehicle in question from the Lineville Motor Company, and being desirous of being relieved of making the payments on same to the said company, induced the company to "take back" the vehicle and resell it to appellants for the amount of its purchase price, less the amount that had been paid on it by appellee; that, in consideration of the reduced price at which they were enabled to purchase the vehicle from the Lineville Motor Company, which price was procured for them by appellee, they (appellants) gave to appellee the note sued upon to reimburse him for what he had paid out on the vehicle.

The trial court submitted to the jury, under correct instructions, the issue made by the respective contention of the parties, and their verdict in favor of appellee established the truth of his contention. This being so, all those rulings to which exceptions were reserved, regarding the transfer, vel non, to appellants, by appellee, of a "certificate of title," etc., to the motor vehicle, were immaterial and harmless.

■ Appellant's brief falls short of a compliance with Supreme Court rules 10 and 12, with regard to many of the assignments of error which appear on the record, but, in the view we have taken of the case, none of these assignments is of a ruling which could have legally, under the pleadings and the evidence, affected the result of the trial. So, in no event, would a reversal of the judgment appealed from be ordered, on account of such rulings. Supreme Court rule 45.

We find nowhere any prejudicial error, and the judgment is affirmed.

Affirmed.