167 So. 261

### RUSSELL v. SOPER.

**8 Div. 671.**

Supreme Court of Alabama.

March 12, 1936.

Rehearing Denied April 23, 1936.

Eyster & Eyster, of Decatur, for appellant.

Julian Harris and Norman W. Harris, both of Decatur, for appellee.

ANDERSON, Chief Justice.

The main purpose of the bill of complaint is to eliminate from the bank's mortgage a certain tract or parcel of land of 20 acres, known as "Adele Spring," because improperly included therein. It is immaterial whether the bill be designated as one of cancellation, to quiet title, or to correct a mutual mistake, as the main purpose of same is to strike from the mortgage the said parcel of land which had been improperly included therein.

The undisputed evidence shows that it was agreed between Fussell, the president of the bank, and the mortgagor that this tract should not be included in the mortgage and was put in same by Fussell through mistake, and, if this was all, the complainant would unquestionably be entitled to relief.

The respondent, however, by cross-bill seeks to set aside the deed to the complainant by her father, the mortgagor, as being subsequent to the bank's debt and voluntary, contending that the gift of the land to the complainant was by parol and did not become effectual until the deed was made her some 60 days after the mortgage was executed. It may be conceded that the complainant acquired no title to the land until she received the deed and that she has failed to establish adverse possession, but we think the evidence makes out a case of equitable waiver or estoppel against the bank from proceedings against this land to enforce the collection of any part of the debt which the mortgage was given to secure.

The evidence shows that Polytinsky was indebted to the bank for an unsecured sum, and agreed to secure same by giving the bank a mortgage upon a large amount of real estate, in fact, all of his real estate, except his home, a store house on Bank street, which he had given his daughter, and the 20-acre tract in question, which he had given another daughter, this complainant. It was specifically understood that, if Polytinsky would give the mortgage security, these particular properties would not be included. The president of the bank, having agreed to this, prepared the mortgage, but inadvertently included this 20-acre tract. This was, in effect, an agreement on the part of the bank that, if Polytinsky secured the debt, it would be satisfied and, as a consideration for such security, would not look to the property to be excluded for the collection of said mortgage indebtedness. As to whether or not this would be a waiver on the part of the bank to proceed against this excluded property for the payment of debts, other than the mortgage indebtedness, we are not prepared to say and do not so hold. Nor do we mean to hold that the mere giving of a mortgage on some of the mortgagor's property would prevent looking to other property for the collection of the mortgage indebtedness, in the absence of a special agreement as we have here to the effect that by receiving the security requested the bank would not look to the 20 acres to be excluded for the collection of any part of the debt included in the mortgage.

We are, of course, aware of the rule that an element of estoppel is that he who invokes same must have been misled to his detriment by the act or conduct of another. Here, however, we have a case where the debtor agreed to secure an indebtedness by giving a mortgage on practically all of his real estate if the creditor would exclude certain parcels of same, and the creditor agreed to do so, and this was, in effect, an implied agreement upon the part of the creditor that he would not look to this 20-acre tract for the collection of said mortgage indebtedness. Kahn v. Peter, 104 Ala. 523, 16 So. 524; Robins, Fry & Co. v. Wooten, 128 Ala. 373, 30 So. 681.

The decree of the circuit court is reversed, and one is here rendered granting the relief sought in the original bill and

denying the cross-relief, and the cause is remanded, with directions that the trial court may make a proper order directing the cancellation of so much of the mortgage as contains the 20 acres in question.

Reversed, rendered, and remanded.

THOMAS, BROWN, and KNIGHT, JJ., concur.