180 So. 559
**LIFE & CASUALTY INS. CO. OF TENNESSEE v. POWELL (two cases).**

2 Div. 102, 105.

Supreme Court of Alabama.

April 14, 1937.

Mallory & Mallory, of Selma, for appellant.

Pettus & Fuller and Theodore L. Wade, all of Selma, for appellees.

KNIGHT, Justice.

These two cases were by agreement of the parties, and by proper orders of the court made therein, consolidated in the circuit court, and tried as one case, with separate verdicts and separate judgments entered in each of the cases.

The policies of insurance sued on were identical, mutatis mutandis, with respect to the names of the two beneficiaries.

The trial resulted in a verdict in favor of each of the plaintiffs, and judgments accordingly. It is from these judgments the present appeals are prosecuted.

The insurer, appellant here, prior to the bringing of the suits, paid to each of the beneficiaries the face amount of each of the policies, and these suits involve only the double indemnity feature of the policies.

For convenience, we shall discuss the case of Life & Casualty Insurance Company of Tennessee v. Elizabeth C. Powell, and what we shall say with reference to that case will apply equally to the case of same appellant

v. W. Erskine Powell. The facts are the same.

The appellant on the 13th day of February, 1923, issued a policy of insurance upon the life of Dasie Compton Powell, with Elizabeth C. Powell, wife of the insured, as the beneficiary, or in case of her death before that of the insured, then with W. Erskine Powell, as beneficiary in succession. Mrs. Powell survived her husband, and brings this suit upon said policy.

The policy contract contained the following provisions with reference to the waiver of payment of premiums and payment of monthly income, on disability, which we here set out:

"At any time after one full year's premium shall have been paid and before default in the payment of any subsequent premium, and prior to the maturity of the endowment, if the insured shall furnish proof satisfactory to the Company that he has become wholly and permanently disabled by bodily injury or by disease, from causes originating after the delivery of the policy, and will be permanently, continuously and wholly prevented thereby for life from performing any work for compensation or profit, or from following any gainful occupation, and that such disability has then existed not less than sixty (60) days;

"(1) Waiver of Payment of Premium. If the insured has not attained his sixtieth birthday then commencing with the due date of premium next succeeding such proof, the Company will, by endorsement hereon and subject to the conditions herein recited, on each anniversary of such due date of premium, waive payment of the premium for the ensuing insurance year, and any premiums so waived shall not be a lien on this policy, and the guaranteed values set out in the tables herein shall increase in the same manner as if the premium had been paid by the insured; and in the event that satisfactory proof of such disability shall be furnished after the insured shall have attained his sixtieth birthday, then subject to the conditions above stated, such future premiums will not be collected by the Company, but will be charged against the policy as a non-interest bearing loan to be deducted at the maturity of the policy.

"(2) Payment of Monthly Income. Also in the event of satisfactory proof of such disability of the insured occurring before attaining his sixtieth birthday, and subject to all the conditions herein stated, the Company will, upon the written consent of the Assignee, if any, pay to the Insured a Monthly Income of $10.00 for each $1000 of insurance under this policy, the first monthly payment to be made six months after receipt of due proof of said disability accompanied by this policy for endorsement, and subsequent monthly payments to be made monthly thereafter during the continuance of the said total and permanent disability of the Insured. The amount of this policy payable at maturity shall not be reduced by any payments made under this, disability provision."

Along with this policy contract, and in connection with it, and forming a part of the same, the insurer issued its "Double Indemnity Benefit Certificate" covering accidental death of insured. Among the general provisions governing the double indemnity benefit is the following, which we quote:

"4. This Double Indemnity Benefit shall cease to be in force when the insured shall attain the age of sixty-five years, or when any premium provided for in the Policy shall not be paid when due; or when premiums on said Policy shall cease to be payable, or when a premium shall be paid by the Company for the insured under the Total and Permanent Disability Clause, if any, in said Policy. Any premium paid to the Company for any period not covered by this Double Indemnity Benefit will be returned upon request."

The defendant, insurance company, filed a number of pleas setting up the above-quoted provision of the double indemnity benefit certificate, taking the position that this double indemnity provision ceased to be in force and effect upon the happening of any one of the four events set forth in said quoted paragraph, that is to say: (a) That the insurer having waived the payment of the premiums falling due on the policy, pursuant to the terms of the policy contract, upon due proof that the insured had become wholly and permanently disabled, that thereupon the double indemnity provision of the policy terminated; (b) that the insured having furnished due proof of his total and permanent disability, that thereupon and thereafter the premiums falling due on said policy contract were paid by the defendant for the insured from the date that such proof of total and permanent disability was made, to the date of the accidental death of the insured, and that upon such payment by the insurer, under the terms of the double indemnity benefit

certificate, the double indemnity provision ceased to be in force and effect; and (c) that from the date of proof of total and permanent disability, premiums on said policy ceased to be payable, and that under the terms of said policy, "the Double Indemnity Benefit Clause sued on was not in force on the date of the alleged accidental death of the insured."

To each of these special pleas, the plaintiff filed demurrers, which were overruled by the court, and the pleas held to constitute a valid defense to the action.

To these pleas the plaintiff filed, in addition to a general replication, a special replication which appears in the report of the case.

It will be noted that the plaintiff's insistence was, and is, that by reason of the action of the insured, as averred in said replication, "the defendant is estopped to claim that the double indemnity feature of said policy was forfeited, and that said receipt was a subsequent contract by the defendant to pay double indemnity benefit under said policy, any alleged waiver or forfeiture of double indemnity in said policy to the contrary notwithstanding."

To this replication the defendant filed numerous grounds of demurrer. The defendant's thirteenth ground of demurrer is as follows:

"For that the said replication does not traverse said plea, nor does the replication confess and avoid the said plea, nor does the replication aver facts constituting a waiver by defendant of the defenses averred in said plea, nor does said replication aver facts constituting an estoppel by defendant to rely on the defense averred in said plea, nor does said replication aver any consideration for the alleged new contract."

Without regard to other possible defects in said replication, it is but an effort to set up a modification of the contract of insurance, in fact, the creation of a new contract, based upon no new consideration whatever. This, too, without the averment of any facts, which would estop the defendant from asserting that the double indemnity feature of the policy contract had ceased, for any of the stated reasons, to be in force and effect. In delivering the receipts to the insured, with the indorsement thereon, viz., "premium waived" or "disability claimed," the defendant was but complying with, or living up to, the terms of its contract, and no waiver or estoppel could be predicated thereon. No estoppel or waiver having been created by the enumerated acts of the defendant, it is clear that said acts, in the absence of any new consideration, could not serve to effectuate a modification of the existing contract. Great American Ins. Co. v. Dover, 219 Ala. 530, 122 So. 658; American Ins. Co. v. Millican, 228 Ala. 357, 153 So. 454.

We are, of course, familiar with the principle that where the acts or conduct of a party are such as to estop him from insisting upon a right claimed to have been relinquished, no consideration is necessary. Cyc., Vol. 40, p. 263. The converse of this proposition is also true, that is, if the acts or conduct of a party are not such as to estop him from insisting upon a right, claimed by the opposite party to have been relinquished, then a consideration is necessary. In this case the facts averred in the replication do not show either a waiver or an estoppel, and hence the replication was defective in not averring a consideration for the alleged modification of the policy contract in the particular here indicated.

We, therefore, hold that the trial court committed error in overruling defendant's demurrers to plaintiff's special replication No. 2, and for this error, the judgment must be reversed, and the cause remanded.

In view of this conclusion, it becomes unnecessary to consider the other questions here presented for review.

Reversed and remanded.

For like reasons, the judgment of the trial court in the case of the same appellant v. W. Erskine Powell is reversed and the cause remanded.

Reversed and remanded in both cases.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.