184 So. 899

**POWELL v. LIFE & CASUALTY INS. CO. OF TENNESSEE.**

**2 Div. 131.**

Supreme Court of Alabama.

Nov. 25, 1938.

Rehearing Denied Dec. 22, 1938.

Mallory & Mallory, of Selma, for appellee.

Pettus & Fuller and Theodore L. Wade, all of Selma, for appellant.

BROWN, Justice.

This is an action of assumpsit for the alleged breach of the conditions of the "Double Indemnity Benefit Certificate for accidental death, issued in connection with and forming part of the Company's Policy No. 16777, upon the life of Dasie Compton Powell, the Insured."

Said policy, with the double indemnity certificate attached, is classified by the insurer as Endowment at age 85—Disability and Double Indemnity. The major policy insured the life of Powell for $1,500, and embodied a "waiver of payment of premium and payment of monthly income, on Disability of insured" clause, stipulating:

"At any time after one full year's premium shall have been paid and before default in the payment of any subsequent premium, and prior to the maturity of the endowment, if the insured shall furnish proof satisfactory to the Company that he has become wholly and permanently disabled by bodily injury or by disease, from causes originating after the deliver of the policy, and will be permanently, continuously and wholly prevented thereby for life from performing any work for compensation or profit, or from following any gainful occupation, and that such disability has then existed not less than sixty (60) days;

"(1) Waiver of Payment of Premium. If the Insured *has not attained his sixtieth birthday* then commencing with the due date of premium next succeeding such proof, the Company, will, by endorsement hereon and subject to the conditions herein recited, on each anniversary of such due date of premium, *waive payment of the premium for the ensuing insurance year*, and any premiums so waived shall not be a lien on this policy, and the guaranteed values set out in the tables herein shall increase in the same manner as if the premium had been paid by the insured; and in the event that satisfactory proof of such disability shall be furnished after the insured shall have attained his sixtieth birthday, then subject to the conditions above stated, such future premiums will not be collected by the Company, but will be charged against the policy as a *non-interest bearing loan to be deducted at* the maturity of the policy.

"(2) Payment of Monthly Income. Also in the event of satisfactory proof of such disability of the insured occurring before attaining his sixtieth birthday, and subject to all the conditions herein stated, the Company will, upon the written consent of the Assignee, if any, pay to the Insured a Monthly Income of $10.00 for each $1000 of insurance under this policy, the first monthly payment to be made six months after receipt of due proof of said disability accompanied by this policy for endorsement and subsequent monthly payments to be made monthly thereater during the continuance of the said total and permanent disability of the Insured. The amount of this policy payable at maturity shall not be reduced by any payments made under this disability provision." (Italics supplied.)

In the double indemnity certificate it is stipulated:

"Upon due proof That the death of the insured occurred in consequence of bodily injury effected solely through external, violent and accidental means of which, except in case of drowning or of internal injuries revealed by an autopsy, there is a visible contusion or wound on the exterior of the body, and that such death occurred within ninety days after such injuries were sustained and as the direct result thereof independent of all other causes, the Company will pay instead of the face amount of this Policy, double that amount, making a total of three thousand dollars provided all premiums have been duly paid and this policy is then in full force and effect and is then surrendered properly released and all conditions of this certificate and the attached policy have been complied with.

"This double indemnity benefit is granted in consideration of $6\%_{00}$ Dollars to be paid in advance, and the Quarterly Payment of a like sum to the said Company on or before the 15th day of every February, May, Aug. & November thereafter during the continuance of this double indemnity benefit. * * *

"This Double Indemnity Benefit shall cease to be in force when the insured shall attain the age of sixty-five years, or when any premium provided for in the Policy shall not be paid when due; *or when premiums on said Policy shall cease to be payable*, or when a premium shall be paid by the Company for the insured under the Total and Permanent Disability Clause, if any, in said Policy. Any premium paid to the Company for any period not covered by this Double Indemnity Benefit will be returned upon request." (Italics supplied.)

The complaint, in addition to the general averments following the statutory form 12, Code 1923, § 9531, pleads specifically the contract as embodied in the double indemnity benefit certificate, concluding with the averment that the policy as pleaded, "was in force and effect at the time of said accident and death of said insured."

Whether or not this averment is true is the litigated question in this case, and it would seem that this question of fact was well within the issues presented by the plea of the general issue.

The defendant, nevertheless, interposed special pleas 2, 3 and 4, setting up a termination of the double indemnity provisions of the policy by insured furnishing proof of his total and permanent disability, prior to the sixtieth anniversary of his birth, and accepting the benefits thereof, including waiver of premiums.

These are not pleas of forfeiture arising from a violation by the insured of the contract or some of its warranties, and the doctrine of waiver and estoppel applicable to such forfeitures is not applicable to the questions presented by said special pleas.

The substance and legal effect of pleas 2 and 4, which sets out condition 4 of the certificate, is that before the insured reached his sixtieth birthday, he furnished acceptable proof to the insurer of his total and permanent disability, and under the terms of the double indemnity certificate as expressed in general condition 4, premiums on said policy ceased to be payable and double indemnity benefits thereunder "ceased to be in force."

Said special plea 3, rested upon a misconception of the meaning of the policy's provisions, asserts that premiums on the policy were paid by the insurer, the defendant, "under the total and permanent disability clause" up to and including the death of the insured, "and under the terms of said policy the double indemnity benefit clause sued on was not in force on the date of the alleged accidental death." These averments are, in the main, the mere conclusions of the pleader, but no doubt are rested on the stipulation "and in the event that satisfactory proof of such disability shall be furnished *after the insured shall have attained his sixtieth birthday,* then subject to the conditions above stated, such future premiums shall not be collected by the Company, but will be charged against the policy as a non-interest bearing loan to be deducted at the maturity of the policy." Said plea 3 avers

that satisfactory proof was furnished by insured before he reached his sixtieth birthday. Manifestly, therefore, the last quoted stipulation of the contract was not applicable. (Italics supplied.)

Plaintiff's replications 2 as amended, 3, 4, 5 and 6, to defendant's special pleas set up, as answer to the defense asserted in said pleas, a new contract or obligation founded on a new consideration, not declared on in the complaint, which is not permissible. Life & Casualty Ins. Co. of Tennessee v. Powell, 235 Ala.. 537, 180 So. 559; Great American Ins. Co. v. Dover et al., 219 Ala. 530, 122 So. 658; Louisville & Nashville Railroad Co. v. Walker, 128 Ala. 368, 30 So. 738; Holczstein et al. v. Bessemer Trust & Savings Bank, 223 Ala. 271, 277, 136 So. 409.

The several replications set out, in *haec verba,* the entire contract. Replication 2 is the same as presented on former appeal, and the demurrer thereto was properly sustained. Life & Casualty Ins. Co. of Tennessee v. Powell, supra.

The averments of replication 2, as amended, designed to state a valuable consideration, for an obligation to continue in force the double indemnity clause, to wit:

*"That the defendant by virtue of the waiver or premium clause in said policy hereto attached had in its hands on to-wit, the 15th day of February, 1936, the sum of towit, $3.60 belonging to or due by the defendant to said D. C. Powell, which it was obligated to return to or pay to the plaintiff if the defendant claimed the double indemnity clause was not in force and effect"* (italics supplied), are but the conclusion of the pleader, not supported by the provisions of the policy, and grounds 24 and 34 of the demurrers aptly pointed out this defect.

Replication 3 was subject to the objection pointed out by defendant's twenty-eighth ground of demurrer, and replications 4 and 5 were subject to the defects pointed out by grounds 29 and 30 of the defendant's demurrers.

Replication 6 was subject to the defect pointed out in several grounds of the defendant's demurrers, notably ground 38.

Our judgment therefore is that the rulings of the court superinducing the non-suit were not erroneous, and the judgment is due to be affirmed. It is so ordered.

Affirmed.

ANDERSON, C. J., and THOMAS, FOSTER, and KNIGHT, JJ., concur.