1 So.2d 390

### CHRISTIAN BENEVOLENT BURIAL ASS'N, Inc., v. HUFF.

I Div. 138.

Supreme Court of Alabama.

Feb. 20, 1941.

Rehearing Denied April 3, 1941.

120

Geo. A. Sossaman, of Mobile, for appellant.

J. Terry Reynolds, Jr., of Mobile, for appellee.

BROWN, Justice.

This is an action of assumpsit by the beneficiary named in a policy of burial insurance against the insurer to recover the sum of $125, with interest, designated in the policy as the "retail value of funeral if insured is twenty years of age at date of death."

One of the counts of the complaint avers "that the defendant wholly neglected and refused to provide a funeral for Willie Richardson as provided by the terms of said policy," to plaintiff's damage.

The defendant interposed the plea of "not guilty" which was treated by the parties and the court as the general issue. The statute provides that in all actions except defamation, or for injuries to the person or to real or personal property "the general issue is an averment that the allegations of the complaint are untrue, and except as may be otherwise provided, puts in issue only the truth of such allegations." Code 1923, § 9470.

The defendant's special plea 2, to which demurrer was sustained, set up a forfeiture of the insurance for nonpayment of the weekly premiums. However, on the trial, under the plea of "not guilty" the defendant was permitted to offer evidence going to show forfeiture for nonpayment of premiums, the plaintiff was permitted to adduce evidence going to show knowledge and waiver, and the court in the oral charge clearly submitted these issues to the jury with full instructions thereon. Therefore, if it should be conceded that error intervened in the ruling on the demurrer to plea 2, it was error without injury. Birmingham Water Works Co. v. Barksdale, 227 Ala. 354, 150 So. 139; Atlantic Coast Line R. Co. v. Jackson, 225 Ala. 652, 144 So. 813.

Under the evidence adduced on the trial the issues were for the jury, and the affirmative charge requested by the defendant was properly refused.

Defendant's refused charges 2, 3, and 4 were refused without error; they were bad in form. City of Birmingham v.

Poole, 169 Ala. 177, 52 So. 937; Bessemer Liquor Co. v. Tillman, 139 Ala. 462, 36 So. 40.

We find no reversible errors in the record.

Affirmed.

GARDNER, C. J., and THOMAS and FOSTER, JJ., concur.

### On Rehearing.

BROWN, Justice:

There was evidence going to show that the insured had all of Wednesday, the 21st of February, to pay the premiums for four weeks ending on that day, and prevent a forfeiture. The plaintiff testified: "The agent of the Christian Benevolent Funeral Association came to my house in the day light of the 21st day which was Wednesday and I had a conversation with him relative to the payment of the premiums on Willie's burial policy. He came to me and asked me did I have any money for him and I hold him no and that I would not have it until Saturday, that was on a Wednesday, and he told me that was perfectly all right because I had done business in *his company* all of the time since he was *in business* and he had given me no receipt like that before. On Thursday I got the money and sent it up there and it was somewhere between 2:30 and 3 o'clock. He told me he would accept it." [Italics supplied.]

Said agent, if the testimony is to be believed, spoke: as one having authority, and the defendant did not offer said agent or any other witness to contradict this testimony, though most of the officers and agents testified. This failure weighed against the defendant, and authorized an inference that the testimony of said agent would have been detrimental. Blue v. First Nat. Bank of Elba, 200 Ala. 129, 75 So. 577; Carter v. Chambers, 79 Ala. 223, 231; Alabama Power Co. et al. v. Talmadge, 207 Ala. 86, 93 So. 548.

It is well settled that " 'acts and declarations of one whose agency is the subject of inquiry, though incompetent when there is no other evidence of agency or of ratification, *become competent* for consideration in determining both the fact of agency and *the scope of authority* originally given, when shown in connection with other evidence of agency.' Birmingham Min. R. R. Co. v. Tennessee Coal, Iron & R. R. Co., 127 Ala. 137, 28 So. 679, 681."

Warren Webster & Co. v. Zac Smith Stationery Co., 222 Ala. 41, 130 So. 545, 547; United States Fidelity & Guaranty Co. v. Millonas, 206 Ala. 147, 89 So. 732, 29 A.L. R. 520.

At the time of this transaction between the plaintiff and defendant's agent, under some phases of the evidence, payments were not in arrears for four weeks. The insured had until midnight of that day within which to pay the premiums and prevent a forfeiture, and by the acts and statements of said agent the plaintiff was induced to rely thereon and change her position, and the defendant is estopped to assert a forfeiture and take the benefits, the forfeiture of all previous payments and non-liability under the policy. Russell v. Soper, 232 Ala. 194, 167 So. 261; First Nat. Bank of Mobile et al. v. Burch, 237 Ala. 680, 188 So. 859.

The act and conduct of the defendant, if the jury found that said agent was acting within the scope of his authority, being such as to estop it from insisting upon the contract provision, no consideration was necessary. Life & Casualty Ins. Co. of Tennessee v. Powell, 235 Ala. 537, 180 So. 559.

There was no effort to discharge or alter the contract, nor can parties to a contract destroy the effect of the doctrine of estoppel and the right of one misled to his prejudice to invoke its protection.

The application for rehearing is due to be overruled. It is so ordered by the court.

GARDNER, C. J., and THOMAS and FOSTER, JJ., concur.