12 So.2d 865

**MONTGOMERY PRODUCTION CREDIT
ASS'N v. M. HOHENBERG & CO.**

4 Div. 736.

Court of Appeals of Alabama.

April 6, 1943.

Rushton, Johnston & Williams, of Montgomery, for appellant.

Holley, Milner & Holley, of Wetumpka, for appellee.

**SIMPSON, Judge.**

This suit originated in the Circuit Court of Crenshaw County and involved thirteen bales of cotton grown and harvested by one Martin, and upon which he had given the plaintiff, Montgomery Production Credit Association, a written mortgage.

Martin, the mortgagor, sold the cotton to one Foshee, who, in turn, sold and delivered it to the defendant, M. Hohenberg & Company.

The first two counts of the complaint were in trover for conversion of the cotton, and the third sought damages for the destruction of the lien of plaintiff's mortgage. Trial in the circuit court was without a jury and, from an adverse judgment there, the plaintiff appeals.

The cause is submitted here upon motion of appellee (defendant) to strike the bill of exceptions and upon merits.

It is our view that the motion to strike is not well taken, and the same is overruled. As to this, it appears that the bill of exceptions was properly filed within ninety days from the order refusing the motion (of plaintiff) for a new trial (then in fieri), and hence was seasonably presented. Code 1940, Title 7, Sec. 822.

The original judgment was rendered September 8, 1941, and the motion for a new trial (filed October 8, 1941) was not noticed by the trial judge until the date of its overruling, October 15, 1941, which was more than thirty days from the date of the original judgment. Generally, this would render the bill of exceptions subject to be stricken, because the motion would be a nullity insofar as suspending the running of the ninety day period for presenting the bill of exceptions is concerned. But in this case, under the statute as recently amended, sixty days from the date of the original judgment is the time specified within which the motion may be called to the attention of the trial judge and continued or acted upon by him. This, because on the date of said trial the said judge did not reside in the county having jurisdiction of the cause, i. e. where trial was had. Code 1940, Title 13, Sec. 119.

As to this sixty-day allowance, the statute (Sec. 119) provides "that in any county in which the trial judge did not reside on the date of the trial such motion [for new trial] may be filed in the office of the clerk, or register, of the court of the county having jurisdiction of said cause, within thirty days from the date of the rendition of the judgment or decree, and the court shall lose all power over it sixty days after

the date of the rendition of such judgment or decree as completely as if the end of the term had been on that day unless such motion is called to the attention of the court and an order entered continuing it for hearing to a future date."

■ The appellee contends that, still, the bill of exceptions is due to be stricken because the record nowhere shows the residence of the trial judge and that, though we take judicial knowledge that he resided in the circuit (for the law requires this), no such judicial cognizance can be indulged as to the particular county of his residence.

■ Decision of this question is unnecessary inasmuch as proof was made in this court upon submission of the cause by affidavit (not denied) of appellant's counsel duly filed to the effect that the said judge resided, at the date of the trial, without said county. The motion to strike the bill of exceptions is an issue raised in this appellate court, and the appellant could properly meet said issue by this proof.

■ Among the several defenses interposed by the defendant, one, which we think well supported by the evidence, was that the plaintiff had previously consented that the mortgagor, Martin, sell or dispose of his cotton. This if satisfactorily proven —and it was—constituted a complete defense to the action. Montgomery v. Tucker, 228 Ala. 182, 184, 153 So. 188.

■ And proof thereof was available under the general issue. Ib.

■ Upon this issue of the consent, vel non, of the plaintiff for defendant to sell the cotton, is the contention of the plaintiff—raised for the first time here— that Moseley, though its agent, was without authority, or was not shown to have had authority, to so authorize Martin.

As to this, it was substantially proven by the plaintiff's own witnesses (Martin and Moseley) that Moseley, who resided in the same county as Martin, was the plaintiff's agent (Rec. 7), that he had been working for plaintiff since its organization in 1934, that Moseley was familiar with the Martin loan and had recommended it (p. 51), that Moseley was the plaintiff's representative and attended (and had been attending) to business for plaintiff since its organization (R. 40), and that said Moseley told Martin (so Martin said) "to sell that cotton * * *; that Moseley told him to do the best he saw fit and

turn it over to them, which he had done before; that he had done business with plaintiff before, had gone ahead and sold his cotton like he wanted to, and it was all right; that he was not selling cotton without plaintiff's consent; that he sold this cotton by (with) Mr. Moseley's consent; that he had their (Plaintiff's) consent to sell it."

Moseley, in testifying, made an equivocal denial that he had so authorized Martin, but aside from this the foregoing evidence was uncontradicted. There was no contention whatever that plaintiff's said agent, Moseley, lacked authority to so authorize Martin.

In view of this testimony, coming from the plaintiff's own witnesses, that Martin sold the cotton with the plaintiff's authority or consent (duly given by its agent, Moseley), it appears to us that the trier of this issue of fact was authorized in finding for the defendant.

■ Agency may be proved by the testimony of the agent in the case in which the question of agency arises. Corsbie v. Poore, 29 Ala.App. 487, 490, 198 So. 268, certiorari denied 240 Ala. 207, 198 So. 272; 2 Am.Jur., Sec. 446, p. 353. Hence the propriety of Moseley's testimony to this effect.

■ And where the fact of agency is uncontroverted—or admitted, as here—and he was apparently acting for his principal as to the business in hand, the presumption arises that the agent was acting within the scope of his authority. Christian Benevolent Burial Ass'n v. Huff, 241 Ala. 119, 1 So.2d 390; 2 Am.Jur., p. 350, Sec. 442.

■ So, appositely, paraphrasing the observation of Mr. Justice Brown in Christian Benev. Burial Ass'n v. Huff, supra: Said agent (Moseley), if the evidence be true, spoke as one having authority. The plaintiff offered nothing to contradict this and this failure weighed against it. 241 Ala. page 121, 1 So.2d 390.

■ The judgment is well supported by the evidence under the general issue, regardless of the legal sufficiency of the special pleas or of the propriety of the evidence supportive thereof. Whatever errors—if any—may have prevailed regarding the rulings upon the special pleas are therefore regarded as harmless and unavailing here. Supreme Court Rule 45, Code 1940, tit. 7, appendix; Pair v. Rice, 23 Ala.App. 187, 122 So. 297; Miller v.

Metropolitan Life Ins. Co., 214 Ala. 4, 106 So. 335; Williford v. Atlantic Coast Line R. Co., 216 Ala. 309, 311, 113 So. 44.

Finding no errors warranting a reversal of the judgment, it is ordered affirmed.

Affirmed.