36 So.2d 98

**EVETT et al. v. MITCHELL et al.**

**8 Div. 434.**

Supreme Court of Alabama.

June 10, 1948.

Rehearing Denied June 30, 1948.

Proctor & Snodgrass, of Scottsboro, for appellants.

H. T. Foster and Brown, Scott & Dawson, all of Scottsboro, for appellees.

FOSTER, Justice.

This is a suit in equity for the sale of land for division, at the suit of two tenants in common, L. J. Evett and Jim Evett, who also sue as administrators of the estate of the deceased owner. There are two tracts of land. The only controversy is as to tract No. 2, which is twenty acres described as the South half of Northwest quarter of Northeast quarter, Section 7, Township 4, Range 6 E. The bill as originally filed, in describing that tract, made it subject to a right of way for a roadway eighteen feet wide evenly across the north side of it. The respondents are the other tenants in common and admit all the allegations of the bill, except that they deny that tract No. 2 should be described as being subject to the right of way as stated in the bill.

The whole controversy, it develops, hinges around that question. Mrs. Rachel Evett, mother of all the parties, at one time owned two twenty acre tracts adjoining east and west. The west twenty is described as the South half of Northeast quarter of Northwest quarter, Section 7, Township 4, Range 6 E. The east twenty is the tract No. 2, supra. In 1923, she conveyed to Levi J. Evett, one of the complainants, and his wife Orilla Evett the west twenty, supra. She continued to own tract No. 2 until her death. The evidence was directed to the question of the right of way stated above.

After taking the testimony before a commissioner by agreement, complainant amended the bill by instrument filed December 20, 1947, making Orilla Evett a complainant; and seeking to have the court fix a right of way as described in the original bill, alleging complainants should have a right to a way of necessity over tract No. 2, and that for twenty-three years they have used a right of way over tract No. 2 in going to and from their twenty acres west of it; that no right of way was staked off, but that the way which they have used began at the northeast corner of tract No 2, and ran in a southwesterly di-

rection until it reached their said twenty acres; and that they have no way of ingress and egress to their said land except by crossing tract No. 2. In the amendment they pray that in the event the court does not adopt the right of way as described in the original bill, it will definitely fix and determine a right of way over said tract No. 2 as a right to a way of necessity and select such route as is necessary and most feasible.

The record shows a certificate by the register that he handed a copy of that amendment to Joe Dawson, December 20, 1947. He presumably was an attorney for defendants.

There was no demurrer or answer to the amendment, and no decree pro confesso. The court found from the testimony as follows: "It appears from the pleadings and testimony that for over twenty years a right of way running diagonally across the said twenty acre tract No. 2, supra, has been used by Levi J. Evett and that said right of way was obtained by dedication and likely has ripened into an easement under the twenty year rule of prescription. However unless there was agreement between the parties to this suit, this court would have no authority to change the actual location of the right of way and that matter must be left as it now appears." That decree was dated February 2d, filed February 3, 1948. It inadvertently, and contrary to that finding, ordered tract No. 2 sold according to the description in the bill subject to the right of way across the north side of it. Thereupon defendants, on February 10, 1948, moved the court to modify the decree so as to eliminate from the description in it of tract No. 2 the right of way feature across the north side. And on February 16, 1948, complainants, L. J. Evett, individually and as administrator, and Orilla Evett, moved the court to set aside the final decree, for that the findings in the decree show that L. J. Evett and Orilla Evett have a right of way across tract No. 2, but did not provide for it in ordering the sale of said tract; or that the decree should except a right of way extending from the northeast corner southwesterly across it.

The court by decree dated March 3, filed March 4, 1948, granted defendants' motion to correct the decree, and denied that of complainants, L. J. and Orilla Evett. On March 25, 1948, the said complainants filed another motion to set aside the decree as amended, filed March 4, 1948, or to amend it as above indicated, and assigned substantially the same grounds as in the motion which the court denied. On motion of defendants, the court made a decree dated April 2, 1948, filed April 10, 1948, striking the last named motion on the ground that it had no jurisdiction because it was filed more than thirty days after February 3, 1948, when the final decree was first entered. L. J. Evett, individually and as administrator, and Orilla Evett took an appeal on April 10, 1948, from the decree of February 2, 1948, as amended March 3, 1948, also the decree of April 2, 1948.

The original final decree was dated February 2, 1948, and filed February 3, 1948. It recited a finding of those allegations of the bill which entitle complainants to relief and ordered the land sold by the register after giving notice, etc., and directed that when he made his report of sale it should lie over for exceptions and further action by the court, and then provided that "all other matters necessary to final disposition of this case be held in abeyance until the coming in of the report of the register."

Appellees have moved this Court to dismiss the appeal because (1) that was not a final decree sufficient to support an appeal; (2) because Orilla Evett is an appellant, and she was not a party to this suit, for that notice of the amendment making her a party was not given as required by law; (3) because no notice of appeal was given Homer Evett, one of the defendants; and (4) because the assignments of error were not written on the transcript.

We do not think any of those grounds are well taken. (1) We think the decree of February 2d (or 3d) 1948 was a final decree sufficient to support the appeal. Carter v. Mitchell, 225 Ala. 287(20), 142 So. 514; Freeze & Co. v. Teal, 216 Ala. 380, 113 So 84. (2) The notice of the filing of the amendment making Orilla Evett a party complainant was given as provided by Rule 28(c) of Equity Practice, Code

1940, Tit. 7 Appendix. (3) The citation of appeal was served on H. T. Foster and on Brown, Scott and Dawson, as attorneys for certain named defendants, not including Homer Evett. But H. T. Foster had appeared as attorney for Homer Evett, and filed an answer admitting all the allegations of the bill. Service of citation on his attorney of record is sufficient. (4) The assignments of error are written on the transcript itself, as required by Supreme Court Rule No. 1, Code 1940, Tit. 7 Appendix.

The motion to dismiss the appeal is overruled.

### On Merits.

We have observed that the appeal is from the decree of April 2, 1948, filed April 10, 1948, as well as that of February 2d, filed February 3d, as amended by decree dated March 3d, filed March 4th. The effective date of a decree is that on which it is filed with the register. Ex parte Louisville & Nashville R. Co., 214 Ala. 489, 491, 108 So. 379.

The motions, one by the respondents to modify the final decree, and one by the complainants to grant a rehearing and amend it, were filed, as we have said, within thirty days after the date of the filing of the original final decree, towit, February 3, 1948, and that the decree granting one and overruling the other was dated March 3, 1948, filed March 4, 1948. The latter date was the 30th after February 3, 1948.—Rule 65, Equity Practice, Code 1940, Tit. 7 Appendix; section 119, Title 13, Code. Moreover, we judicially know that the judge of that court did not reside in Jackson County, and therefore if the motion is filed in thirty days after the final decree, it may be acted on in sixty days after the date of such decree.—Section 119, Title 13, Code. The residence of the various circuit judges is given at the front of each Alabama report. That of trial Judge Haralson is given at Ft. Payne, which is not in Jackson County. In the cases of Brown v. State, 31 Ala.App. 233, 14 So.2d 596, certiorari denied 244 Ala. 597, 14 So.2d 598, and Montgomery Production Credit Ass'n v. M. Hohenberg & Co., 31 Ala.App. 117, 12 So. 2d 865, there was proof made that the trial judge did not reside in the county of the trial. But when his residence is made a matter of public and official record, we will take judicial notice of it. See, Gordon v. Tweedy, 74 Ala. 232(5), 237, 49 Am.Rep. 813; Hodge v. Joy, 207 Ala. 198, 92 So. 171.

The decree dated March 3, 1948, filed March 4, 1948, granting one motion and denying one was in substance a modified final decree in the contemplation of Rule 62, Equity Practice, from which an appeal would lie. Scott v. Scott, 247 Ala. 266, 24 So.2d 25. A motion for the rehearing of a modified final decree may be made under section 119, Title 13, Code within thirty days after such decree is rendered, because it becomes the final decree of the court. The motion for a rehearing of that decree was filed within thirty days after it was entered and acted on within sixty days. So that we think that it should not have been stricken on that account. But since on the last motion the court did not again modify the final decree it was not appealable. Wood v. City of Birmingham, 247 Ala. 15, 22 So.2d 331; Linn v. Linn, 242 Ala. 688, 8 So.2d 187; Scott v. Scott, supra.

But the appeal was taken from the final decree as modified March 4, 1948. That decree not only modified the former final decree, but it also denied a rehearing to complainants on their motion filed February 16, 1948. The matter involved in that motion is therefore presented on appeal from the final decree as modified. So the question now on this appeal is whether the final decree as modified, should have been further modified by incorporating in it a provision for a right of way for complainants, L. J. Evett and his wife.

That relief cannot be predicated on the amendment to the bill, because that amendment was not at issue when the decree was made and never has been at issue, either by decree pro confesso or answer. That was of course complainants' pleading, and complainants cannot complain that it was not at issue, because they could have put it at issue by a decree pro confesso. If relief had been granted on that amendment, respondents would have had cause to reverse it, but complainants cannot reverse a decree for not granting relief on it. So

that we must refer to the original bill to justify the modified, relief sought by said complainants. That bill sought a sale for division as to tract No. 2, subject to an easement or right of way across the north side. It also prayed for general relief. The decree of the court on such a bill of complaint correctly denied the contention of complainants that such a right of way should be set off across the north side as a way of necessity, but held in substance that complainants, L. J. Evett and Orilla Evett, had an easement for a right of way extending diagonally across said tract No. 2 from the northeast corner in a southwesterly direction, and that that matter must be left as it now appears. In brief for appellees the following statement is made: "Of course, we realize and agree as the mother of this appellant has always realized and agreed and as the other heirs have realized and agreed since the death of their mother that this appellant Levi J. Evett and his wife have an easement for a passageway across tract two from his twenty acres to the public road and he has had the free and uninterrupted use of this passageway subject to certain rights that have been maintained by his keeping gaps and fences across the passageway and as he has testified no one has ever questioned this right."

█ But if the land is sold, as now ordered, it will convey to the purchaser or annul any easement for a right of way which is thus recognized and admitted. On a sale by order of court the interests and rights of all parties before the court pass to the purchaser, unless otherwise provided in the decree. Thomas v. Skeggs, 223 Ala. 598, 137 So 443, 445(3); 47 Corpus Juris 561, 562, section 788. So that unless such right of way is protected and reserved by the decree of the court and in making the sale it will be lost.

█ In view of the prayer for general relief and the findings of the court sustained by the evidence and admissions of counsel for respondents, which we have quoted, we think the final decree should be further modified so as to provide that tract No. 2, as described in the bill, should be sold, not subject to the right of way there provided, but subject to a right of way in favor of L. J. Evett and Orilla Evett and

their successors in interest, extending from the northeast corner thereof in a southwesterly direction as now marked by the use of it, entirely through said tract to furnish ingress and egress to their twenty acre tract lying west of that designated as No. 2, supra. As thus modified, the decree is affirmed, at the cost of appellants. Motion to dismiss appeal overruled.

Modified and affirmed.

GARDNER, C. J., and LAWSON and STAKELY, JJ., concur.