This is a paternity case.
The action against the defendant was instituted by affidavit and warrant charging the defendant with paternity of the prosecutrix's child. The defendant plead guilty to the charge in the family court of Jefferson County.
Thereafter, pursuant to Code of Ala. 1975 § 26-12-8, the defendant appealed to the circuit court and demanded a trial by jury. After a de novo trial, the defendant was found to be the father of the child. Hence this appeal.
The defendant, through able and distinguished counsel, has raised numerous assignments of error regarding evidentiary questions, the trial court's oral charge and other matters which it is contended require reversal. We discuss below each of defendant's issues and the facts, as revealed by the record, as they relate to these contentions.
 I
The defendant argues that the trial court erred to reversal in failing to allow cross-examination of the prosecutrix on the issue of whether another young man had sexual *Page 565 
access to her. It is contended that by disallowing a particular question propounded of the prosecutrix, the defense was precluded from showing the defendant was not the father of the illegitimate child. We disagree.
The scope and extent of cross-examination is a matter reserved for the sound discretion of the trial court and the exercise thereof is not reviewable absent a gross abuse. Moonv. Nolen, 294 Ala. 454, 318 So.2d 690 (1975). The defense relies on Kelly v. State, 133 Ala. 195, 32 So. 56 (1902), where the defense attempted to show that another man had associated with the prosecutrix but the trial court totally excluded evidence on the issue. The total exclusion of evidence was held to be a gross abuse of discretion.
The facts of Kelly, supra, are inapposite to the instant situation. The record reveals that the defense thoroughly probed the issue of the prosecutrix's association with other men, and thus it cannot be successfully argued that there was a denial of the right to cross-examine this witness.
 II
Defendant, as in issue I above, alleges reversible error on the ground that his cross-examination of a prosecution witness was improperly foreclosed to his prejudice.
At trial, the defendant advanced the theory that the prosecutrix and a Mrs. Melcher conspired to induce the defendant to travel to Georgia for the purpose of marrying the prosecutrix. The trial court sustained an objection to a question on cross-examination asking the witness whether she had discussed such a trip with the prosecutrix and the defendant. The record reveals that the trial court excluded the question as repetitious in that the defense had propounded numerous questions on the same subject prior to asking the question which was excluded.
It is well within the discretion of the trial court to exclude repetitious questions. Smith v. Dillard, 291 Ala. 96,278 So.2d 358 (1973). For this reason and the reasons set forth above, we find no error with respect to this contention.
 III
Defendant next contends that during the course of the trial, the trial court prejudicially commented on the credibility of one of the prosecution's witnesses, when after sustaining an objection to the repetitious question discussed in issue II above, the court stated, "This witness has done her best." We find no reversible error here.
We agree with defendant that it is improper for the court to comment to the jury on the credibility of a witness. Gamble,McElroy's Alabama Evidence § 469.01 (3rd ed. 1977). However, in this instance, the record reveals that the court's admonition of the defense, viewed as it must be in light of the repetitious questioning, is clearly not a comment on the credibility of the witness. Put another way, the trial court's comment was simply a statement that the witness had in fact answered the question to the best of her ability.
Furthermore, we note that the court went to some length, in its instructions to the jury, to inform them that any rulings of the court and anything said by the court, were not to be considered as exhibiting any opinion as to the facts of the case. We find no reversible error in this regard.
 IV
There was testimony that the defendant acknowledged the prosecutrix's unborn child as his own on more than one occasion while in the home of Mrs. Melcher. On direct examination, the defendant denied that he had been there on those occasions and, further, denied having acknowledged the child as his.
During direct examination, by objection, the defense was foreclosed from asking a repetitive question as to whether the defendant was present at the Melcher home with the prosecutrix and others when there was a discussion concerning a Georgia marriage. Defendant contends that the exclusion *Page 566 
of the question prevented him from refuting the testimony of the prosecutrix and others. We disagree.
The record clearly indicates that defendant had an opportunity and in fact completely denied visiting the Melcher home on the occasions in which the alleged conversations occurred. Thus, the error, if any there be, is not a ground for reversal in that it was not of a material nature and cannot be said to have injuriously affected the substantial rights of defendant. ARAP 45. See also Pair v. Rice, 23 Ala. App. 187,122 So. 297 (1929).
 V
The defendant additionally assigns as error the reading of the district attorney's complaint during the court's instruction of the jury. It is argued that since the complaint showed that the defendant had appealed from an adverse judgment of the family court, this apprised the jury that the trial was not de novo. Because the provisions of Code of Ala. 1975 § 26-12-8 required that circuit trials of this nature be de novo, it is argued that the reading violated the statute. We do not agree.
The record is totally devoid of any reference before the jury of the fact that the proceeding was appealed from an adverse judgment of the family court, i.e., there is no reference of other proceedings prior to defendant's de novo appeal to the circuit court. When the record does not disclose the fact assigned as error, such a ground for error cannot be considered on appeal. Gilmore v. Lee, 282 Ala. 182, 210 So.2d 415 (1968).
 VI
The defendant next complains that the court's instructions to the jury included an improper statement of the purpose of paternity proceedings, i.e., to compel one who is found to be the father of the child in question to support the child and to indemnify the public against the costs of such support. It is contended that this statement injects an improper issue into the proceedings because the only issue for the jury's consideration in such cases is whether the defendant is the father of the child.
While we should not be understood as necessarily approving the trial court's instructions, we do not find reversible error in giving such instructions. See ARAP Rule 45; Pair v. Rice,supra.
 VII and VIII
Defendant takes exception to the two jury forms which were read to the jury in the court's instructions.
One form is as follows: "We, the Jury, find the issue in favor of the defendant, Melvin Eugene Clevenger, Jr., and find that he is not the real father of Jason Spencer, the illegitimate child of Sherri Lee Spencer." The defendant argues that this language is misleading in that it requires the jury to find that the defendant is not the father, a burden of proof which the law does not impose on a paternity defendant.
Although again, we do not necessarily approve this form, our reading of the record indicates that the court carefully explained to the jury that the State had the burden of proof to reasonably satisfy that the defendant was the father. Furthermore, there was a clear explanation that the accused in such cases is presumed innocent and that it is not his burden to prove his innocence. We therefore find no error in this regard. See ARAP Rule 45.
Defendant additionally maintains that the form to be used in the event the jury found for the State impermissibly injected the name of the State as plaintiff, and because the prosecutrix is the real party in interest, this prejudiced the rights of the defendant in the jury's deliberations.
It is well settled, by statute and by case law, that in paternity suits, the State is the plaintiff, and the issue in such cases is to be resolved between the State and the accused. Code of Ala. 1975 § 26-12-1. See also Kuehlthau v. State,92 Ala. 91, 9 So. 394 (1891). Thus, it cannot be said that the injection of the name of the State, as plaintiff in the suit, prejudiced the defendant. *Page 567 
We therefore find no error with respect to this contention.
 IX
The defendant next maintains that the trial court erred to reversal in overruling defendant's objections to prosecution questions which asked the defendant whether two of the prosecution's witnesses had told the truth. The record reveals the following colloquy occurred between the prosecutor and the defendant:
 Q And you're saying that everything they said was a lie? What do you say about —
MR. HOWARD: We object to that.
THE COURT: Sustained.
Q Was their testimony the truth?
MR. HOWARD: Objection, your Honor.
THE COURT: Overruled.
 MR. HOWARD: That's two people. It's not up to him to say whether or not they were telling the truth. That's for the jury to decide.
THE COURT: Overruled.
MR. WRIGHT (Resumed):
Q Were they telling the truth?
A Some; yes.
 Q With respect to their testimony about your visits to their home, in January, February, and March, were they telling the truth?
A No, sir.
Q Neither of them?
A No, sir.
MR. WRIGHT: That's all.
We agree that these questions were improper, but we find they did not prejudice the defendant in this instance.
A question to a witness which asks whether another witness has testified falsely is improper because it calls for a conclusion of the witness and invades the province of the jury to determine the veracity of witnesses' testimony. H. Curjel Co. v. Hallet Mfg. Co., 198 Ala. 609, 73 So. 938 (1916). Seealso Elliot v. State, 48 Ala. App. 515, 266 So.2d 318, cert.denied, 289 Ala. 742, 266 So.2d 321 (1972); Haynes v. State,40 Ala. App. 106, 109 So.2d 738 (1958), cert. denied, 268 Ala. 546,109 So.2d 746 (1959). Thus, the trial court was in error in failing to sustain objections to the above noted questions propounded by the prosecution. However, as set forth below, the error was harmless.
A judgment may not be reversed on the ground of improper admission of evidence unless, after examination of the entire cause, it is determined that the error has probably injuriously affected substantial rights of the parties. See, e.g., ARCP, Rule 61; ARAP, Rule 45; Slay v. McKean Paint Hardware Store,Inc., 55 Ala. App. 487, 317 So.2d 326 (1975). In Slay, we held that where there is ample evidence to support the verdict, without consideration of the improper evidence, the error will not compel reversal.
In the instant case, the jury had before it ample evidence to support its conclusion that the defendant was the father of the illegitimate child, notwithstanding the improper admission of defendant's testimony.
The record indicates that the defendant testified he had sexual access to the prosecutrix and admitted to having sexual intercourse with her on a frequent basis. There is corroborated evidence that the defendant acknowledged the unborn child as his own. The record further shows that the defendant told the prosecutrix that he would marry her and that she had no cause to worry over her dilemma. Accordingly, we hold that the admission of the above noted testimony was error, although viewing the entire cause, it did not prejudice substantial rights of the defendant.
Furthermore, we particularly note that the questions, as shown above, relate to a collateral point, to wit, not whether the defendant is the father but whether there were discussions in the Melcher home concerning a Georgia marriage. This court will not reverse the court below based on a ruling which could not have legally affected the result of the trial. Pair v.Rice, supra. *Page 568 
 X
The defendant's final contention, as argued in brief, is that the trial court erred in refusing to grant his motion for a new trial. The grounds asserted to the trial court for granting the motion are the issues presented on this appeal. Additionally, the defendant contended that the verdict was not supported by the preponderance of the evidence. For the reasons set forth above, we find no error in the denial of defendant's motion for a new trial, and accordingly find this case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.