ALEXANDER McK. COWIE v. MAXWELL M. FISHER.

*Presumption of payment from lapse of time.*

Payment of a mortgage debt is not conclusively presumed from the lapse of many years, but there must be decisive proof that it is an existing lien to warrant a decree of foreclosure

Appeal from Wayne. Submitted January 28. Decided April 13.

FORECLOSURE. Complainant appeals. Dismissal affirmed.

*C. I. Walker* for complainant. Presumption of payment from lapse of time is open to rebuttal: Story's Equity § 1028*b*: *Abbott v. Godfroy* 1 Mich. 179; *Mich. Ins. Co. v. Brown* 11 Mich. 272.

*Theodore Romeyn* and *Ashley Pond* for defendant. The presumption of payment should be conclusive in this matter: *Demarest v. Wynkoop* 3 Johns. Ch. 129; *Hughes v. Edwards* 9 Wheat. 489; Mathews on Presump. Ev. ch. 19 p. 352; *Bailey v. Gould* Walk. Ch. 478; *Young v. McKee* 13 Mich. 552; *Piatt v. Vattier* 9 Pet. 405; *Wagner v. Baird* 7 How. 255; *Bowman v. Wathen* 1 How. 189; *Badger v. Badger* 2 Wall. 87; *Neely's Appeal* 85 Penn. St. 387.

MARSTON, C. J. Complainant seeks to foreclose a mortgage given July, 1827, by John McDonell of Detroit to his brother Allen McDonell of Montreal, to secure the payment of $6710 with interest by January 1st, 1830. No bond or other evidence of the indebtedness accompanied this instrument. It is alleged in the bill of complaint that nothing whatever has been paid upon this mortgage, and that there was due thereon, at the time of filing the bill, $27,175. The record of this instrument, the death of the parties thereto, and other necessary facts are alleged in the bill.

Complainant's counsel concedes that there is no evidence

of any distinct acknowledgment of this debt as an existing lien by John McDonell, or of any claim made against him or his estate by Allen McDonell; that the mortgage has not been produced, was not found among the papers of the deceased, and that the only evidence thereof is the registry. It is also admitted that the statute of limitations began to run in this case in 1842, when Allen McDonell came into this State, and that it did not cease to run on his death.

The defendant purchased the property in 1867 and it is claimed had knowledge of the record of this mortgage before paying but a small part of the purchase price.

We have given due consideration to the argument advanced on behalf of the complainant, but it does not satisfy us that he has made such a case as would entitle him to a decree. While a conclusive presumption of payment may not arise from the lapse of time, yet so strong is it that clear and decisive proof should be required, to justify a court in granting a decree in such a case. In this case such proof is wanting, while the letters of Allen McDonell to his brother John do contain evidence inconsistent with the existence of an actual indebtedness. There would be great danger in granting the relief prayed for under the facts of this case.

The decree dismissing the bill of complaint must be affirmed with costs.

The other Justices concurred.