PLATTE COUNTY BANK; JOHANNA REGAN, ASSIGNEE, APPELLEE, V. MICHAEL J. CLARK ET AL., APPELLANTS.

FILED MARCH 19, 1908. No. 15,087.

1. **Appeal**: MOTION FOR NEW TRIAL: REVIEW. Where special findings are in irreconcilable conflict with a general verdict, the party relying upon that verdict may, during the t⌢ m, and within three days of the return of those findings, move the court to vacate the special findings, and for judgment on the general verdict, and, upon the overruling of his motion and the entry of a judgment on the special findings, may, within three days, and during the term, move the court to vacate the last recited order, and thereby entitle himself to a review in this court of all the questions presented to the trial court in his motion to set aside the special findings, and this independent of whether or not the last motion was filed within three days of the return of the verdict.

2. **Judgment**: REVIVOR: PLEA OF PAYMENT. In a proceeding to revive a dormant judgment, where the judgment debtor pleads payment, a presumption of payment arises, and the burden is upon the judgment creditor to rebut that inference.

3. ———: ———: ———. Unless some witness having knowledge of the fact testifies to the nonpayment of the dormant judgment, then it is incumbent on the judgment creditor to rebut that presumption by proof of some fact or circumstance, the legitimate tendency of which is to make it more probable than otherwise that payment has not in fact been made.

4. **Evidence** in this case examined, and held not to repel the presumption that the judgment has been paid.

APPEAL from the district court for Platte county: JAMES G. REEDER, JUDGE. Reversed.

A. M. Post and M. Whitmoyer, for appellants.

H. W. Pennock and C. J. Garlow, contra.

ROOT, C.

This was a statutory proceeding to revive in appellee's name a judgment recovered by the Platte County Bank in the county court of Platte county in 1888 against ap-

pellants herein, and later transcripted to the district court. Appellee's title is based on an alleged assignment of the judgment by the bank to H. H. Bulkley, an assignment by Bulkley to Michael Regan, appellee's late husband, and an assignment of the judgment to her by the county court of Douglas county in the settlement of her husband's estate. Michael Regan resided in Platte county in 1887, when he changed his residence to Douglas county, where he died intestate in 1896. Appellants, in resisting the revivor proceedings, severally denied that the judgment had been assigned to, or was owned by, Michael Regan; denied that appellee ever acquired title to said judgment; alleged appellee was not the real party in interest; that there was a defect of parties defendant; and alleged that the judgment had been fully paid and satisfied. The issues were submitted to a jury, to which were given two special interrogatories as well as general verdicts. One interrogatory was whether, from the evidence, the jury found that the judgment at the time of the trial was unpaid; and the other whether Mrs. Regan was the owner thereof. To each question the jury returned an affirmative answer, and also a general verdict in favor of appellants. The day the verdict was returned appellants filed a motion to set aside the special findings and for judgment on the general verdict, and appellee on the same day moved the court to set aside the general verdict and for judgment on the special findings. Eighteen days thereafter the court overruled appellants' and sustained appellee's motion, and rendered an absolute order of revivor of the judgment. Two days thereafter appellants filed a general motion for a new trial, which was overruled.

1. Counsel for appellee insist this court cannot consider the assignments of error because, it is said, a motion for a new trial was not filed by appellants within three days of the rendition of the verdict, as required by section 316 of the code. We cannot agree with counsel. Appellants requested the court to vacate the special find-

ings, and in that motion assigned every ground essential for a review in this court of the district court's alleged errors in so far as they relate to those findings. It is immaterial whether this application was indorsed as a motion for a new trial, or to set aside the special findings. It presented to the trial court appellants' claim that the evidence did not sustain the findings; and that the findings were contrary to law and the instructions of the court. *Goode v. Lewis,* 118 Mo. 357. Appellants were not required to include in their motion a request for the vacation of the general verdict in their favor. Upon the trial court's vacation of the general verdict, the appellants were prejudiced, not by the verdict, but by the *decision* of the trial court that the general verdict should not stand. Thereupon appellants, within two days of the decision, filed a general motion for a new trial, which searched the record and brought within its scope every erroneous act of the court from the inception of the proceedings down to and including the final revivor of the judgment. The Nebraska cases cited by appellee in nowise militate against the practice pursued by the appellants. They proceed in conformity with the language of the code that the motion for a new trial must be filed within three days after the verdict or *decision* was rendered. This appellants did, and they are properly here with the entire record for our inspection.

2. Appellants assert that appellee is not the owner of the judgment. It seems that Michael Regan, appellee's husband, on October 2, 1890, received a written assignment of the judgment signed by H. H. Bulkley; an assignment from Stevenson to Bulkley of a judgment, entitled "Stevenson against the appellants," was introduced in evidence, and, if that were the only evidence of Bulkley's right to assign to Regan, we might hold with appellants on this point. However, Bulkley's testimony was taken by deposition, and therein he swears positively that he was cashier of the bank in 1890; that the bank

assigned the judgment to him to hold as trustee for the corporation; and that he, in his capacity as trustee, sold and assigned the judgment to Regan, who paid the bank therefor. The witness was not cross-examined, and we hold the evidence sufficient to sustain a finding that Regan owned the judgment at the time of his death. Upon appellee's discharge as administratrix of the estate of her deceased husband, the county court of Douglas county found: "That the personal property in said estate should be assigned over to Johanna Regan, widow of said deceased, as her assignment of personal property under the statute." In the judgment following the finding, the court assigned to the appellee "the personal property set out in said final account, the same to be by her held for her own sole and individual use and benefit, and as her own private property." It was admitted by counsel in the trial of the case that the litigated judgment was not referred to in the account of the administratrix. However, it seems to have been conceded by the actions of the sole heir, Hanora Regan, that the judgment belonged to her mother. Miss Regan appeared and testified for the appellee in this case, and the evident construction given the decree of the county court by the sole persons interested therein will be respected by us, as it was by the trial court.

3. The court properly instructed the jury that the burden was on the appellee to establish the fact that the judgment had not been paid and satisfied. A careful reading of the record convinces us that the evidence does not sustain the finding that the judgment is unpaid. Eighteen years intervened between the recovery of the judgment and the commencement of the proceedings to revive. Presumptively the judgment was paid and satisfied. *Garrison v. Aultman & Co.*, 20 Neb. 311. The judgment was the property, first, of the Platte County Bank, a corporation. Later Bulkley became assignee thereof, and he in turn assigned it to Michael Regan October 2, 1890. Regan departed this life in December,

1896, and by operation of law the title vested in his daughter, Hanora, and his wife, appellee, subject to the right of the county court to assign it to the widow under section 176, ch. 23, Comp. St. 1897. In December, 1897, the widow became possessed in her own right of the judgment. Manifestly no one of the various owners of this judgment would be in a position to know and to testify that during its history it had not been paid or satisfied. Bulkley, assistant cashier of the Platte County Bank from 1886 to 1890, and cashier from 1890 to 1893, testifies that he does not remember that anything was paid on the judgment prior to the assignment to Michael Regan in October, 1890. On that date Michael Regan released the lien of the judgment so far as it related to a specific tract of land, but what, if any, consideration he received therefor, or at whose request it was done, the record is silent. This act may be taken as an indication of payment, or that Regan was thereby asserting dominion over the judgment, and that it had not been paid. Hanora Regan testifies she attended to most of her father's correspondence, and in a general way was familiar with his business, and that, so far as she has knowledge, the judgment was not paid; that she attended to the business of the estate while her mother was administratrix, and that the judgment was not paid during the administration thereof. It is conceded that execution was never issued on the judgment. There is an entire lack of testimony to show any such relation between the several owners of the judgment or any of them on the one hand, and the judgment debtors on the other, as would tend to retard collection by process of the court; nor is there any evidence to show that the judgment creditors are, or ever were, insolvent. There is not a hint to explain the lethargy of the bank, of Bulkley, and of Regan during the past 18 years. None of the books of the bank were produced to show the state of account with Clark and others, nor any sufficient explanation to account for their absence. Hanora Regan, who says to the best of her knowl-

edge the judgment was not paid her father, does not claim to have had any knowledge of the existence of this judgment during her father's lifetime, and upon the administration of that parent's estate the judgment was not listed or considered. Her testimony is of but little, if any, greater value than the negative testimony of any stranger to the transaction. Not an admission, express or implied on the part of the appellants, that the debt is unpaid is shown; not an excuse or reason given for this long delay in attempting to collect the judgment. In the meantime the original judgment creditor has gone out of business, one of the mesne assignees has removed from the state, one is dead, and the present owner does not testify because of her mental condition. Finally, one of the judgment debtors has become incompetent. There being no individual, or collection of persons, having actual knowledge of the fact, to appear and testify that the debt has not been paid, it seems to us the presumption of payment can only be rebutted by proof of some intervening fact transpiring within a reasonable time, such as a payment of part of the claim, an admission on the part of those to be charged that the debt is unpaid, proof that the debtors have been insolvent and unable to pay, or by proof of some other fact or circumstance, the legitimate tendency of which is to make it more probable than otherwise that the judgment has not in fact been paid. *Tilghman v. Fisher,* 9 Watts (Pa.), 441; *Grantham v. Canaan,* 38 N. H. 268; *Beckman v. Hamlin,* 23 Or. 313; *Gregory v. Commonwealth,* 121 Pa. St. 611. We do not consider that the legitimate tendency of the evidence presented is sufficient to overcome the presumption of payment.

For the reasons stated, we think the trial court erred in overruling appellants' motions and in sustaining the motion of appellee, and we recommend that the judgment of the district court be reversed and a new trial granted.

CALKINS, C., concurs.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and a new trial granted.

REVERSED.