JOHN T. HILL, APPELLANT, V. JOHN FEENY, APPELLEE.

FILED FEBRUARY 29, 1912.    No. 16,744.

1. Judgment: REVIVOR: PLEA OF PAYMENT: BURDEN OF PROOF. In a proceeding to revive a dormant judgment, where the judgment debtor pleads payment, a presumption of payment arises, and the burden is upon the judgment creditor to rebut that presumption. *Platte County Bank v. Clark*, 81 Neb. 255; *Wittstruck v. Temple*, 58 Neb. 16.

2. Evidence examined, and *held* insufficient to overcome the presumption of payment.

APPEAL from the district court for Adams county: GEORGE F. CORCORAN, JUDGE. *Affirmed.*

*J. E. Willits*, for appellant.

*John C. Stevens*, contra.

BARNES, J.

Proceeding to revive a dormant judgment. The defendant contested the revivor on two grounds: First, that the plaintiff was not the real party in interest or the owner of the judgment; second, by an answer of payment. The defendant prevailed, and the plaintiff has appealed.

It appears that in the year 1890 the Blue Ridge Marble Company, doing business at Nelson, in the state of Georgia, obtained a judgment in the county court of Adams county against John Feeny and Charles Feeny, partners as John Feeny & Son, for $414. At the time the judgment was obtained the plaintiff in the action was represented by the law firm of Dilworth, Smith & Dilworth, who appear to have had no other connection therewith; that in 1891 an execution was issued upon the judgment, which was returned by the officer as wholly unsatisfied; that shortly subsequent to that time the collection of the judgment appears to have been entrusted to an attorney named John A. Castro; that from the year 1891

to the time when the proceeding to revive the judgment
was commenced no execution was ever issued thereon,
and it appears that no attempt was made by any one to
collect it from the present defendant Charles Feeny, who
is the surviving member of the firm of John Feeny & Son.
It further appears that John Feeny died about 14 years
before the commencement of this proceeding. The elder
Mr. Dilworth, of the firm of Dilworth, Smith & Dilworth,
is dead, and the testimony of the younger Dilworth was
not taken in this proceeding. Smith, however, testified
that he had nothing to do with the claim since about 1893.
It also appears that an application was made by the orig-
inal plaintiff to revive the judgment, and a motion for
security for costs was interposed for the reason that the
plaintiff was a nonresident of this state; that, thereupon,
the proceeding was dismissed, the judgment was assigned
to the appellant herein, and the present proceeding was
instituted.

To support his alleged ownership, the appellant testi-
fied that he purchased the judgment and took an assign-
ment thereof executed by Mr. Willits, as attorney for the
marble company; that in payment for the judgment he
gave his note for $200, due in one year without security;
that at the time of the trial the note was long past due,
and had not been paid, and that payment of the note had
never been demanded of him. He further testified that
when he purchased the judgment he made no examination
of the record to see whether there was any such judgment
in existence, and that he would rather there would not
have been a judgment.

To support the issue of nonpayment, the president of
the marble company testified, over the objections of the
defendant, that there were no entries in the books of the
company showing payment of the judgment; and testi-
mony to the same effect was given by a Mr. Bane, the
present treasurer of the company. The appellant testified
that he was still the owner of the judgment; that he knows
Charles Feeny, the surviving defendant therein, and that

Feeny had never paid him anything on the judgment. On the other hand, the defendant testified that at one time he was a member of the firm of John Feeny & Son; that his father died 14 years ago; that his father was the active manager of the business; that he remembers the time when the execution was issued on the judgment, and that John A. Castro was then acting for the marble company; that a compromise was effected, and the judgment was then paid and satisfied, and he contributed the sum of $80 for that purpose; that from the time of that settlement until the present proceeding was commenced he never heard anything about the judgment, and no demand had been made upon him for its payment.

Some testimony was introduced tending to show that in 1890 the firm of John Feeny & Son executed a chattel mortgage upon their property, and it is contended that they were therefore insolvent, and that fact is tendered as an excuse for the failure of the marble company to keep the judgment revived, or make any attempt to obtain payment thereof.

Upon this evidence, the district court for Adams county found generally for the defendant, upon the issues joined, and dismissed the proceeding.

It is contended by the appellant that the testimony was sufficient to rebut the presumption of payment which necessarily arises from the facts above stated. On the other hand, defendant has directed our attention to *Platte County Bank v. Clark*, 81 Neb. 255. There the facts were quite similar to those in the case at bar, and it was held: "In a proceeding to revive a dormant judgment, where the judgment debtor pleads payment, a presumption of payment arises, and the burden is upon the judgment creditor to rebut that inference." In the opinion in that case it was said: "Not an admission, express or implied on the part of the appellants, that the debt is unpaid is shown; not an excuse or reason is given for this long delay in attempting to collect the judgment. In the meantime the original judgment creditor has gone out of

business, one of the mesne assignees has removed from the state, one is dead, and the present owner does not testify because of her mental condition. Finally, one of the judgment debtors has become incompetent. There being no individual, or collection of persons, having actual knowledge of the fact, to appear and testify that the debt has not been paid, it seems to us the presumption of payment can only be rebutted by proof of some intervening fact transpiring within a reasonable time, such as a payment of part of the claim, an admission on the part of those to be charged that the debt is unpaid, proof that the debtors have been insolvent and unable to pay, or by proof of some other fact or circumstance, the legitimate tendency of which is to make it more probable than otherwise that the judgment has not in fact been paid. * * * We do not consider that the legitimate tendency of the evidence presented is sufficient to overcome the presumption of payment." If, as was there held, the evidence was insufficient to overcome the presumption of payment, it would seem clear that in the case at bar the district court was justified in arriving at the conclusion that the evidence was insufficient to establish nonpayment and entitle the plaintiff to an order of revivor.

It may also be said that it may be assumed that the general finding of the district court embraced a finding that the plaintiff was not the real party in interest, and was not the owner of the judgment sought to be revived. It follows that upon this record we would not be justified in setting aside the findings and reversing the judgment of the trial court.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

LETTON, J., not sitting.