NELS O. ALBERTS, APPELLEE, V. COURTLAND WAGON COM-
PANY, APPELLANT.

FILED SEPTEMBER 26, 1913.   No. 16,907.

1. Judgment: REVIVOR: PLEA OF PAYMENT. "In a proceeding to revive
   a dormant judgment, where the judgment debtor pleads payment,
   a presumption of payment arises, and the burden is upon the
   judgment creditor to rebut that inference." *Platte County Bank
   v. Clark*, 81 Neb. 255.

2. Quieting Title: EQUITY: DORMANT JUDGMENT: PRESUMPTION OF
   PAYMENT. And the rule is the same where the judgment creditor
   is demanding the payment of a dormant judgment as a condition
   precedent to the right of the judgment debtor to quiet his title
   to real estate as against such dormant judgment.

APPEAL from the district court for Clay county: LESLIE
G. HURD, JUDGE. *Reversed with directions.*

*Ambrose C. Epperson* and *Robert G. Brown,* for appel-
lant.

*John C. Stevens, contra.*

FAWCETT, J.

Plaintiff instituted this suit in the district court for
Clay county to quiet his title to certain lots and lands in
that county. The petition alleges that on November 9,
1885, plaintiff was engaged in business with one Ober-
lander; that on said date the defendant obtained a judg-
ment against plaintiff and Oberlander, as partners, in the
sum of $87.13, and another judgment for the sum of $170.-
56; that on November 11, 1885, defendant caused such
judgments to be transcripted to the district court, and
thereby caused them to create an apparent lien upon
plaintiff's property; that said judgments have long since
been paid, but through negligence, carelessness, or over-
sight the evidence of their payment had not been filed with
the clerk of the district court; that they are nonenforce-
able by lapse of time; that they so affect plaintiff's real

estate that those who deal with it are fearful that such judgments might be valid. Wherefore, he prays that the judgments be canceled of record and the title to his real estate quieted. The answer denies that the judgments were obtained against plaintiff and Oberlander as partners; denies that they have been paid; alleges that plaintiff has failed to tender the amount which in equity is due upon the judgments, and is not entitled to the relief he seeks, "except that he first pays the amount which is, in equity, due upon the said judgment liens;" alleges the amount due upon the judgments as an equitable lien upon the real estate, and prays that defendant have a sale of the property described in plaintiff's petition for the payment and satisfaction of the judgments. The trial resulted in a finding that plaintiff's petition is without equity; that he is not entitled to the relief prayed without first paying the judgments described in the pleadings; that said judgments have never been paid in whole or in part; that the judgments have been dormant for more than ten years prior to the institution of this suit; and that defendant is not entitled to affirmative relief. Plaintiff's petition and defendant's cross-petition were both dismissed at plaintiff's cost. From this judgment defendant appeals, and plaintiff joins with a cross-appeal.

The briefs are devoted quite largely to the proposition that plaintiff could not prosecute his suit to quiet title without doing equity by paying the judgments. We deem it unnecessary to consider this phase of the case, for the reason that we do not think there is any competent evidence in the record to overcome the presumption in support of the allegation in plaintiff's petition that the judgments have been paid. This suit was instituted February 16, 1910. The judgments were rendered November 9, 1885, over 24 years prior to the beginning of the suit. During all of those years no attempt was made to collect the judgments, not even to the extent of having execution issued thereon. The only proof attempted to be offered in support of defendant's plea that the judgments had not

been paid was the testimony of one of defendant's attorneys. The substance of his testimony is as follows: "Q. What is your profession? A. I have been an attorney at law. Q. And where did you reside in 1885? A. At Sutton. Q. What was your business or profession then? A. An attorney at law." These questions and answers would indicate that he is not now in active practice. The substance of the rest of his testimony is that he procured the judgments in controversy; that the judgments have never been paid to him; that after the suit was commenced and shortly before the trial he had a conversation with plaintiff, in which the plaintiff admitted that he (plaintiff) had never paid the judgments, but that plaintiff claimed, in that conversation, that Oberlander had paid the judgments, or fixed the matter up. When interrogated upon cross-examination as to the whereabouts of the defendant company, he shows a lack of knowledge of the present business status of defendant. When asked if the defendant company is still in existence, his answer was, "Oh, yes; I think so." He further stated that he was not sure but what they changed to the Courtland Buggy & Wagon Company. When asked if the old corporation had "all gone to pieces," he answered, "I ain't prepared to say that it has, but they still do business at New York as the Courtland Buggy Company or the Courtland Buggy & Wagon Company." When asked, "When did they authorize you to appear here for them?" his co-counsel objected, and the objection was sustained. When asked, "When did you last hear from the Courtland Wagon Company?" objection was again interposed and sustained. When further asked, "Q. The only reason you have for saying that this judgment is not paid is because you didn't get the money, is it?" he answered, "Well, I was doing the business for the company and I am confident it was not paid to me." And when finally asked, "As a matter of fact you wouldn't swear that it hasn't been paid, will you?" he answered, "Well, I don't know that I could. I have testified all I can testify and tell the truth."

As we view it, this evidence falls far short of rebutting the presumption of payment. So far as this record discloses, these are the only judgments which Mr. Brown ever obtained for the defendant company. They were obtained nearly a quarter of a century ago. He does not show that he has ever had any connection with or communication from the company since that time, and the fact that the judgments have never been paid to him falls far short of showing that they have not been paid to the defendant. If they have not been paid to the defendant, it would have been an easy matter to have shown that fact by the deposition of some member of the company, but no attempt was made to produce such testimony. It may be said in answer to this that it would have been an easy matter for plaintiff to have testified that the judgments had been paid, but the record shows that plaintiff was not present at the trial; and, when Mr. Brown testified that plaintiff had admitted to him that he (plaintiff) had never paid the judgments, counsel for plaintiff then stated: "The plaintiff is taken by surprise by the testimony of the witness on the stand and asks that the case be adjourned until we have time to get the testimony of the plaintiff. Objection overruled. Plaintiff excepts." The admission by plaintiff to Mr. Brown, in the conversation to which the latter testifies, that he (plaintiff) had not paid the judgments, was coupled with the statement to Mr. Brown that Mr. Oberlander had paid them, or "fixed it up." Where judgments have stood for so long a time without any attempt to collect them, it requires more positive testimony than anything appearing in this record to overcome the presumption of payment. The third subdivision of the opinion by Judge Root in *Platte County Bank v. Clark*, 81 Neb. 255, fully sustains the conclusion above reached. We think the testimony of payment in that case was stronger than in this.

Considering the indifference and gross laches of defendant in asserting the validity of these judgments, and the fact that defendant could easily have established its claim

upon the hearing of this case, if it has any valid claim, and considering the many years that plaintiff has been handicapped by this apparent lien upon his property, we think plaintiff is now entitled to full relief. The judgment of the district court is therefore reversed and the cause remanded, with directions to enter a decree in favor of plaintiff in accordance with the prayer of his petition.

REVERSED.

ROSE, SEDGWICK and HAMER, JJ., not sitting.