# Lefever's Estate.

*Judgment—Presumption of payment—Evidence.*

1. After the lapse of twenty years a judgment is presumed to have been paid.

2. The presumption of payment is very strong, and is favored in law as tending to the repose of society and discouragement of stale claims.

3. The presumption is strengthened after twenty years, as time passes on.

4. The burden of removing the presumption is on the plaintiff; whether the evidence is sufficient, when the question of credibility is not an issue, is for the court.

5. Where a bank presents a judgment more than twenty years old against a decedent's estate, the records of the bank and the testimony of the cashier are not sufficient evidence of themselves to prevent the operation of the statute.

6. Where claims, notes or judgments may be paid in other than cash, and the bank receives its full credit, the notes or judgments sometimes, through neglect, remain open.

Argued May 14, 1923. Appeal, No. 237, Jan. T., 1923, by First National Bank of Strasburg, exceptant, from decree of O. C. Lancaster Co., Jan. T., 1922, No. 6, sustaining exceptions to adjudication, in Estate of Henry H. Lefever, deceased. Before WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Exceptions to adjudication. Before SMITH, P. J.

The opinion of the Supreme Court states the facts.

Exceptions sustained. First National Bank of Strasburg, exceptant, appealed.

*Error assigned* was decree, quoting it.

*John A. Nauman,* for appellant.—The presumption of payment was overcome: Gregory v. Com., 121 Pa. 611; Hummel v. Lilly, 188 Pa. 463; Breneman's App., 121 Pa. 641; Reed v. Reed, 46 Pa. 239; Peter's App., 106 Pa. 340;

Unangst v. Kraemer, 8 W. & S. 391; McDowell v. North
Side Bridge Co., 247 Pa. 190; Gilmore v. Alexander, 268
Pa. 415.

*Frank S. Groff*, with him *Chas. W. Eaby*, for appellee.
—A lapse of twenty years or more without any proceed-
ings on a judgment raises a prima facie presumption of
its payment: VanLoon v. Smith, 103 Pa. 238; Hummel
v. Lilly, 188 Pa. 463; Smith v. Shoenberger, 176 Pa. 95;
Reed v. Reed, 46 Pa. 239; Geiger's Est., 14 Pa. Superior
Ct. 523.

The presumption of payment is strengthened by the
death of the debtor: Gilmore to use v. Alexander, 268
Pa. 415; Gregory v. Com., 121 Pa. 611; Fidelity T. & Tr.
Co. v. Chapman, 226 Pa. 312; Biddle v. Bank, 109 Pa.
349.

OPINION BY MR. JUSTICE KEPHART, June 23, 1923:

In the adjudication of the estate of Henry H. Lefever,
the First National Bank of Strasburg claimed $4,014.25
on a judgment entered in 1895 on a note dated January
30, 1889. Lefever died December 20, 1921, and no pro-
ceedings were had on the judgment from the date of its
entry until it was presented as a claim against the estate
May 18, 1922. The legal presumption of payment after
the lapse of twenty years was interposed as a bar to re-
covery. The only evidence submitted by the claimant
was that of the assistant cashier of the bank, who testi-
fied that he had been continuously employed by it as
bookkeeper, teller and assistant cashier since 1883, with
the exception of 1905, and testified that from his own
knowledge and from his knowledge of the affairs of the
bank, the note had not been paid; that it was customary
to mark the date when a note was paid or renewed, and
in this case it remained open. The information on which
his evidence is based was, "There is nothing on the books
to show that the note had ever been paid." The discount
ledger and judgment were offered in evidence. The court

below held the presumption had not been overcome, and refused to allow the claim.

The law in the case is stated by Mr. Justice WALLING in Gilmore v. Alexander, 268 Pa. 415, 421. The burden of removing the presumption of payment was on the plaintiff; whether the evidence was sufficient, where the question of credibility is not in issue, is for the court. After the lapse of twenty years a judgment is presumed to have been paid. Unlike a simple contract,—where the statute of limitations interposes a complete bar, in effect destroying the contractual obligation, requiring a new promise to pay to impose a new obligation,—in judgments and other specialties the presumption is one of payment; where there is affirmative proof that the debt has not been paid, the presumption is overcome, or rather does not arise. The evidence must be convincing to justify the conclusion that the debt is not in fact paid before the case can go to a jury. The presumption of payment is strengthened after twenty years, as time passes on.

Gilmore v. Alexander, supra, did not depend entirely on the evidence of the executive officer, but on many other circumstances connected with the case. Except for the fact that "the pleadings offered in evidence [in that case, contained] an unchallenged, distinct averment that no part of the judgment in question [had been] paid," the presumption would have been a conclusive barrier against the attaching creditor. The presumption of payment is very strong, and is favored in law as tending to the repose of society and the discouragement of stale claims: Kline v. Kline, 20 Pa. 503, 508; Porter v. Nelson, 121 Pa. 628, 637.

The records of the bank and the testimony of the cashier are not sufficient evidence of themselves to prevent the operation of the statute. They failed to account in a satisfactory way for the many intervening circumstances and conditions by and through which judgments of this character may be paid. The officer who testifies must necessarily testify from hearsay evidence and from

the work of others.  Where such claims, notes or judgments may be paid in other than cash, and the bank receives its full credit, the notes or judgments sometimes, through neglect, remain open.  As we stated in Hummel v. Lilly, 188 Pa. 463, 467, "The extraordinary laches exhibited by a delay of twenty years, during which no demand has been made for either any of the principal or any of the interest of a money obligation, can only be accounted for, where there is no explanation of the delay, on the theory that the obligee has received satisfaction for his debt in some way, or that there is some good legal or equitable reason why he should not recover."  It follows that the court below was correct.

The decree is affirmed.