22 So.2d 909

### GAMBILL et al. v. CASSIMUS et al.

### 6 Div. 146.

Supreme Court of Alabama.

July 26, 1945.

Barber & Barber, of Birmingham, for appellants.

Horace C. Wilkinson and Joe G. Burnett, both of Birmingham, for appellees Greenwood and Potts.

SIMPSON, Justice.

Motion by appellants' testator for scire facias to revive a dormant judgment under Chapter 11, Article 8, Title 7, § 574 et seq., Code 1940.

The appellants' testator was the assignee of the judgment, the assignment having been in writing.

The appellees advance the theory that the assignee can revive only as specified in § 579, and that because the assignment of the present judgment was by separate instrument and not "indorsed on the execution docket or on the margin of the record of the judgment * * * and * * * attested by the clerk" etc., as directed in said § 579, the judgment is not susceptible of revival.

The argument, however, overlooks § 581, which in connection with § 574 is fully available for relief in such a case by providing "the assignee of a judgment or decree, if the assignment be in writing, may by scire facias have the same revived in his name in the manner provided in section 574 of this title." The only prerequisite for relief under § 581 is that the assignment of the judgment or decree "be in writing."

A stricter question arises upon a consideration of the case on the merits.

Eleven years had elapsed since the issuance of the last execution on the judgment and the judgment must be presumed satisfied. This presumption, though not conclusive in our jurisdiction to bar a scire facias to revive until a lapse of twenty years from the rendition thereof, cast upon appellant the burden of proving it had not been previously satisfied. Code 1940, Title 7, §§ 582, 583; Hays v. Mc-Carty, 239 Ala. 400, 195 So. 241.

We do not think this presumption, embodied as a part of our statute law, merely an administrative one having only the office of shifting the burden of proceeding with the evidence. This statutory presumption is evidentiary in nature and is (using our language in discussing an analogous presumption) "not merely a technical incident of the trial wrought for administrative purposes." Mutual Life Ins. Co. v. Maddox, 221 Ala. 292, 294, 128 So. 383, 385.

In our view, such presumption is a substantial statutory right accorded the debtor in a stale judgment as a shield to defeat recovery until opposing evidence is reasonably sufficient in the opinion of the court to overcome it.

The general rule, which we think should be applied here, is thus stated in 48 Corpus Juris 691, § 200: "The presumption of payment arising from lapse of time is equivalent to direct proof of payment, * * *. The presumption prima facie obliterates the debt, and is conclusive in the absence of any evidence tending to show nonpayment."

It is said that so strong is this presumption of satisfaction which the law raises by lapse of time (and as regards judgments, § 582 above fixes the period in Alabama at ten years), it will prevail until overcome by clear and decisive proof to the contrary or by the establishment of facts and circumstances from which nonpayment may be clearly inferred. Richards v. Walp, 221 Pa. 412, 70 A. 815; Cowie v. Fisher, 45 Mich. 629, 8 N.W. 586. The evidence to rebut must be strong and convincing to the effect of producing a reasonable conviction that the judgment had not been paid or satisfied. 34 C.J. 696, § 1074; 1 Jones on Evidence, 2d Ed., § 245, p. 404; In re Lefever's Estate, 278 Pa. 196, 122 A. 273.

So with this statutory presumption strongly weighing in favor of the defendants as evidence of the judgment having been satisfied—not to mention the further, favorable presumption attending the correctness of the ruling of the trial court on disputed issues of fact—what proof was there of such a clear and convincing nature as to overturn this presumption and produce a reasonable conviction to the contrary? Only the execution eleven years old with the return of "no property found" and the testimony of one of the five attorneys, recorded as representing the plaintiff, that he had handled the case and had not collected the judgment. Though he did testify categorically "the judgment has not been paid," it is clear from a consideration of his entire testimony that the ef-

fect of such assertion was to say that the judgment still remained unsatisfied only so far as he knew or could know. Other of his statements must, of necessity, have rested in hearsay.

Under this status of the proof we are unwilling to disturb the trial court's conclusion in denying the motion to revive. This evidence, as we see it, does not meet the test of the authorities of being so clear, satisfying or convincing as to produce a reasonable conviction of nonpayment, justifying our overturning the trial court's finding in regard to the issue. The judgment could, and may, have been satisfied by payment either to the clerk of the court and, if so paid, would have completely extinguished the debt including the attorney's lien (Title 13, § 197 [3]), or to the plaintiff of record in the case or any authorized agent of the company before assignment of the judgment (Henderson v. Planters' & Merchants' Bank, 178 Ala. 420, 59 So. 493), to either of the other attorneys of record for the plaintiff (Henderson case, supra), or to the transferee of the judgment.

It seems to us, with these alternative possibilities of settling a judgment open to a judgment debtor, there should have been some evidence to negate them or at least leading to a reasonable inference that the judgment had not been so satisfied, before we could here overrule the trial court's finding on the question.

Sustaining authorities containing interesting, apposite discussion, are: Platte Co. Bank v. Clark, 81 Neb. 255, 115 N.W. 787; Hill v. Feeny, 90 Neb. 791, 134 N.W. 921; In re Lefever's Estate, 278 Pa. 196, 122 A. 273. To illustrate the application of the principle we will briefly refer to two of these cases.

In the Platte County Bank case the cashier of the bank (original owner) was the first assignee who subsequently transferred the judgment to one Reagin, whose widow, the then owner, sought its collection. The cashier and Reagin's daughter, who handled her father's correspondence and was familiar with his business, both testified that so far as they knew the judgment still remained unsatisfied. In holding the evidence insufficient to rebut the presumption of payment, the court observed the lapses in the proof and that no one of the several judgment owners was in position to know or testify that during the whole course of its history it had not been paid or satisfied, that no excuse was proven to justify the long delay of the several owners in refraining from seeking process of court to this end, that the books of the bank had not been accounted for nor produced to establish payment, nor was any relation between the debtors and the several judgment owners shown "as would tend to retard collection by process of the court" and that there was not a hint to explain the lethargy of the bank, or Bullock (cashier and first assignee) or of Reagin. The court then stated that in such circumstances it would seem that "the presumption of payment can only be rebutted by proof of some intervening fact transpiring within a reasonable time, such as a payment of part of the claim, an admission on the part of those to be charged that the debt is unpaid, proof that the debtors have been insolvent and unable to pay, or by proof of some other fact or circumstance, the legitimate tendency of which is to make it more probable than otherwise that payment has not in fact been made. (And finally concluding) We do not consider that the legitimate tendency of the evidence presented is sufficient to overcome the presumption of payment." Platte County Bank v. Clark, 81 Neb. 255, 115 N. W. 787, 789.

The Lefever case is analogous and has sustentive force. There the bank had a dormant judgment and sought to rebut the presumption of payment by testimony of the cashier that during all the period except one year he had been in the employ of the bank, was familiar with the books and records and with its operation, that there was nothing on the books to show that the note had been paid and that "from his own knowledge and from his knowledge of the affairs of the bank" [278 Pa. 196, 122 A. 274], the debt had not been paid. The lower court held the presumption had not been overcome and found in favor of the judgment debtor. On appeal, in affirming the holding, the Supreme Court stated: "The records of the bank and the testimony of the cashier are not sufficient evidence of themselves to prevent the operation of the statute. They failed to account in a satisfactory way for the many intervening circumstances, and conditions by and through which judgments of this character may be paid. The officer who testified must necessarily testify from hearsay evidence and from the work of others."

180

So in the instant cause, it appears the proof is likewise lacking and subject to the same criticism. There are manifest gaps in the evidence, which inference cannot supply to overcome the presumption of satisfaction written into the case by our own statute and to sufficiently account for the other circumstances or methods adverted to above by which such a judgment might or could have been paid or satisfied.

The judgment is affirmed.

Affirmed.

GARDNER, C. J., and THOMAS, FOSTER, and STAKELY, JJ., concur.