317 So.2d 326

**Daniel N. SLAY**

v.

**McKEAN PAINT AND HARDWARE STORE, INC., a corporation.**

**Civ. 515.**

Court of Civil Appeals of Alabama.

July 16, 1975.

Wilson M. Hawkins, Jr., Mobile, for appellant.

**488**

James R. Owen, Bay Minette, E. L. McCafferty, III, Mobile, for appellee.

HOLMES, Judge.

This is an appeal from the Circuit Court of Baldwin County, granting appellee-corporation's motion to revive a judgment over ten years old.

Appellant, by his assignments of error, contends the trial court erred to reversal in allowing a certain letter to be introduced and, further, that the verdict is not supported by the evidence.

The record reveals that a default judgment was taken against the appellant in July of 1963. In May of 1974, a motion to revive the judgment was filed.

As to the appellant's first contention, the following pertinent facts are revealed from the record.

During direct examination the appellant testified, in effect, that he had satisfied the judgment by the payment of cash to the president of the corporation who is now deceased. This payment was allegedly made in late 1963. On cross-examination the appellant was asked if in fact, an attorney in 1964, representing appellant, had not written a letter to the attorney who was representing appellee suggesting a compromise settlement of the judgment. Appellant denied he authorized such a letter to be sent to appellee, although he did testify that he had "probably" authorized the attorney to settle some judgments against him. There was no objection to the foregoing question. The letter was then introduced over objections, apparently bottomed on the premise that the letter was not properly authenticated and/or authorized.

At best, in this instance, we consider the action of the trial court to be harmless error. Supreme Court Rule 45 and Rule 61 of the Alabama Rules of Civil Procedure require that no judgment may be reversed on the ground of improper admission of evidence unless, after examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties. We find no such error. As will be seen from the following portion of this opinion, there was evidence to amply support the court's decree allowing the reviving of the judgment without the consideration of the aforementioned letter which was introduced on cross-examination of the appellant. Suffice it to say at this time the appellant testified the judgment was paid. A corporate officer familiar with the corporate books testified otherwise. The trial judge resolved the conflict in favor of the appellee-corporation.

Finally, the appellant argues that in view or Tit. 7, § 582, Code of Alabama 1940, there is insufficient evidence to overcome the presumption created by § 582.

Tit. 7, § 582, reads as follows:

"If ten years have elapsed from the rendition of the judgment or decree without issue of execution, or, if ten years have elapsed since the date of the last execution issued, the judgment or decree must be presumed satisfied, and the burden of proving it not satisfied is upon the plaintiff."

Cases interpreting this Code section clearly indicate that the statutory presumption of payment of a judgment after ten years casts the burden on the plaintiff of proving that it is not satisfied. See *Hays v. McCarty*, 239 Ala. 400, 195 So. 241; *Gambill v. Cassimus*, 247 Ala. 176, 22 So.2d 909. Appellant argues that appellee did not meet this burden. We disagree.

Needless to say, the trial court's action is to be viewed with the attendant presumption of correctness. See 2A Ala. Dig., Appeal and Error, ⊗⊸⊗⊸1008.1(2), (6), and 1009(1).

The present corporate president testified he had been an officer of the corporation since its incorporation; that he has been president since the death of his father in 1964; that he was familiar with the books and records of the corporation (in fact, he kept the books); and that the aforesaid judgment was rendered and that it had not been paid in full. We believe the above is sufficient proof to overcome the burden created by § 582 of Tit. 7, Quite frankly, if it were not, a plaintiff-corporation could, in effect, rarely overcome the presumption created by Tit. 7, § 582.

As we noted earlier, the case is one of conflicting testimony. The judgment-creditor, through a qualified corporate officer, appropriately testified that the judgment was not paid. The judgment-debtor testi-fied he paid the judgment by paying cash to the now deceased corporate president. It then became, in this instance, the duty of the trial judge to resolve this conflict. He did and we affirm.

All assignments of error properly argued having been considered, the case is due to be affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.