L. CHARLES WRIGHT, Retired Appellate Judge.
William Lamar Hicks, the appellee, sued Kay Harrigan Woods, the appellant, in Clarke County Circuit Court for possession *658 of sixteen acres of land lying in Section 10, Township 9 North, Range 4 East, of Clarke County. Hicks also sued for damages for trespass on that property caused by Woods’s clear cutting the timber on the property. The jury found that Hicks had title to the land through adverse possession and also found in favor of Hicks on the trespass charge, returning a verdict of $1.00 for damages incurred. The trial court entered a judgment on the jury verdict. Woods’s motion for new trial was denied.
Woods appeals, contending that the trial court erred and should be reversed because the evidence presented at trial was insufficient to establish appellee Hicks’s title by adverse possession. She further contends that the trial court erred in its oral charge to the jury and in the denial of the motion for new trial.
The primary issue is whether there was sufficient evidence presented to support a finding of adverse possession. In order to establish adverse possession, it is necessary for the claimant to hold land adversely. There must be actual, clear, and notorious occupancy, which is continued, adverse, and exclusive during the prescribed period, and with an intention to claim title. May v. Campbell, 470 So.2d 1188 (Ala.1985). Only if each of these elements is present can adverse possession ripen into title. Woods says that the necessary elements were not met in that the sporadic acts of ownership shown are not enough to establish adverse possession. Cockrell v. Kelley, 428 So.2d 622 (Ala.1983). However, the record reveals that evidence was presented which allowed the jury to properly find that the appellee had established adverse possession. There was testimony that Hicks and predecessors in title sold timber off the property in 1945, 1952, and 1975. Hicks testified that he visited the property weekly, maintained and used the road crossing the property, hunted on the property, marked its boundaries, and leased its mineral rights. Hicks also testified that he had “sweet gummed” the property for several years. Thus we cannot say that the verdict and judgment thereon were erroneous. Goza v. Goza, 470 So.2d 1262 (Ala.Civ.App.1985).
Appellant further contends that the trial court erred in the instructions to the jury. Specifically, appellant objected to the following statement, which was given at the close of the jury charge:
“Ladies and gentlemen of the jury, prior to the beginning of this trial, there was a stipulation entered into by the respective attorneys, that is, the attorney for the plaintiff and the attorney for the defendant. I do not believe that that stipulation has come to your attention yet, and I will at this time apprise you of that and tell you that at the beginning of this trial, it was stipulated that the plaintiff and his predecessors in title had assessed the property in the Office of the Tax Assessor of Clarke County, Alabama, since at least 1930, and that the defendant and her predecessors in title have also assessed the property in the Office of the Tax Assessor of Clarke County, Alabama, since at least 1930.”
Though the stipulation given to the jury' was accurate, the appellant contends that the presentation of the stipulation by the judge constituted a reopening of the evidence in the case and was therefore an improper introduction of evidence to the jury. Although appellant cites case law holding that the introduction of evidence after the closing of argument is error, those cases dealt with evidence presented by one of the parties involved. This stipulation was given by the court and was not in favor of either party against the other. There had been testimony that each party had paid taxes on the property. It cannot be said that appellant was prejudiced by the statement. The harmless error rule requires that no judgment may be reversed due to improper admission of evidence unless, following examination of the case in its entirety, it appears that the error complained of has injuriously affected the substantial rights of the parties. Slay v. McKean Paint & Hdwe. Store, Inc., 55 Ala.App. 487, 317 So.2d 326 (1975); Rule 61, Alabama Rules of Civil Procedure.
*659 The remaining issues deal with the trial court’s denial of Woods’s motion for new trial. Granting or denial of a motion for new trial rests largely within the discretion of the trial court. A presumption of correctness is carried with that discretionary authority. We will not disturb the decision of the trial court unless the record plainly and palpably shows that the trial court was in error. Black v. Hodges, 429 So.2d 1028 (Ala.1983).
Woods contends that the trial court erred in failing to grant a new trial because the jury verdict was inconsistent. The rendering of a clearly inconsistent verdict requires a new trial. Morrison’s Cafeteria of Montgomery, Inc. v. Haddox, 431 So.2d 969 (Ala.Civ.App.1982), rev’d, 431 So. 2d 975 (Ala.1983), on remand, 431 So.2d 979 (Ala.Civ.App.). We find no merit in the argument that the verdict is inconsistent. The jury found in favor of Hicks on both the possession claim and the trespass claim. The fact that the damages awarded were in the amount of $1.00 does not constitute an inconsistent verdict. The award of even so little damage is not inconsistent with the finding of trespass. Courts do not favor setting aside a verdict for damages merely because in its opinion the jury gave too little or too much. Stinson v. Acme Propane Gas Co., 391 So.2d 659 (Ala.1980).
Woods also contends that a new trial should have been awarded due to bias on the part of one of the jurors. Upon voir dire examination, the juror did not answer in the affirmative the following question:
“[H]as any member of the jury panel had a disagreement of any kind with either Kay Woods, Dwight Harrigan, Scotch Lumber Company or Scotch Plywood Company? That is, have you had a disagreement over a property line, a hunting matter, an employment matter, or any sort of disagreement with one of those individuals or one of those companies?”
Woods contends that the juror should have responded to the questions because he had, in 1978, objected to the discharge of his brother by Scotch Plywood Company to an employee of the company. Although parties have the right to truthful answers to questions propounded on voir dire, the complaining party must also establish probable prejudice as a result of the failure to respond in order to secure a new trial on such basis. S.S. Kresge Co. v. Ruby, 348 So.2d 484 (Ala.1977). The record reveals that there was no hostility in existence between the juror and the employee of the plywood company. In fact, there was evidence that the two were friends. We cannot say that probable prejudice resulted from the juror’s failure to respond to the voir dire examination.
This case is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.