THOMPSON, Judge.
On January 15, 1986, Davis International, Inc., obtained a judgment by consent against Elbert Berryman in the amount of $200,000. On January 25, 1986, Davis International filed the certificate of judgment in the Probate Court of Franklin County. Davis International made no attempt to execute on its judgment against Berryman. On January 22, 1996, the attorney for Davis International filed in the Franklin Circuit Court a motion entitled “motion for revival of judgment.” The circuit court granted the motion to revive the judgment on January 24,1996.
In December 1997, Davis International assigned its rights under the judgment to Ni-ranjana M. Patel. On January 27, 1998, Davis International, “for [the] use and benefit of Niranjana M. Patel,” filed petitions seeking a writ of garnishment against Berry-man directed to four banks and Berryman Construction Company. Each of the banks answered, indicating that it had no account for Berryman. Berryman Construction answered, indicating that, although Berryman was an officer of that corporation, he was not employed by the corporation and he was not owed money by the corporation.
On April 15, 1998, Patel moved to compel discovery. In his motion, Patel stated that on February 26, 1998, he had filed a motion for postjudgment discovery and that Berry-man had not responded; Patel attached, as an exhibit to his motion to compel, a document entitled “Judgment Creditor’s Interrogatories to Produce Documents, and Interrogatories to Judgment Defendant, Elbert Berryman.” However, the case action summary sheet does not indicate that Patel filed his first motion for postjudgment discovery on February 26, 1998. Also on April 15, 1998, Patel filed a motion to compel discovery *244 and to enforce a subpoena duces tecum against one of the banks.
On April 28, 1998, Berryman moved to quash Patel’s requests for discovery. In his motion, Berryman asserted that the judgment against him had “lapsed” on January 15, 1996, and that it had not been properly revived; relying on § 6-9-191, Ala.Code 1975, Berryman requested that the court enter an order showing that the judgment had been “satisfied.” On April 29, 1998, the trial court entered orders requiring Citizens Bank and Berryman Construction to produce the documents Patel requested.
The trial court conducted a hearing on May 29,1998. The transcript of that hearing is not contained in the record on appeal. On June 9, 1998, Patel filed a motion to supplement the record, stating that “[t]he judgment creditor wishes to supplement the record to show that the defendant was properly served with the motion for revival.” The trial court never ruled on that motion to supplement the record.
On June 18, 1998, the trial court entered an order finding that the judgment was void in that it was not properly revived and that the judgment had “lapsed.” The trial court set aside its orders granting Patel’s motions to compel discovery and it granted Berry-man’s motion to quash. The trial court also specifically found that Berryman was never served a copy of the 1996 motion to revive the judgment. Patel appealed to the Supreme Court of Alabama, which transferred the appeal to this court, pursuant to § 12-2-7, Ala.Code 1975.
Patel argues that his motion to revive was “timely filed” and that the trial court erred in holding that the judgment had lapsed. The statute of limitations for reviving a judgment is 20 years from the date the judgment was entered. § 6-9-190, Ala.Code 1975; Second Nat’l Bank of Cincinnati v. Allgood, 234 Ala. 654, 176 So. 363 (1937). Thus, the judgment does not lapse until 20 years after the entry of the judgment, which in this case will be January 15,2006.
However, “[i]f 10 years have elapsed from the entry of the judgment without issue of execution, ... the judgment must be presumed satisfied, and the burden of proving it not satisfied is upon the plaintiff.” § 6-9-191, Ala.Code 1975. Thus, where the judgment creditor did not attempt to execute on the judgment within 10 years of its entry, he must move for, and obtain, a revival of the judgment in order to enforce the judgment. See Powles v. Kandrasiewicz, 886 F.Supp. 1261 (W.D.N.C.1995) (discussing revival of Alabama judgments).
We note that in his brief on appeal, Patel equates the filing in the probate office of the certificate of judgment with “execution" on the judgment. Our supreme court has clearly held that “recording a judgment is not the same as execution on a judgment.” Kiker v. National Structures, Inc., 342 So.2d 746 (Ala.1977).
In this case, the judgment was entered on January 15, 1986. On January 22, 1996, just over 10 years from the entry of the judgment, Davis International filed its motion to revive the judgment, pursuant to § 6-9-192, Ala.Code 1975. That motion was filed within the time limits imposed by §§ 6-9-190 and 6-9-191, Ala.Code 1975; that is, after the lapse of 10 years from the entry of the judgment and before the expiration of the 20-year limitations period for reviving the judgment. The effect of the date January 15, 1996, is that after that date the judgment creditor could not enforce the judgment until the judgment had been properly revived. “‘The order to revive does no more than reinvest the [judgment creditor] with the right to have execution of his original judgment.’ ” Second Nat’l Bank of Cincinnati v. Allgood, 234 Ala. at 656, 176 So. at 365 (citation omitted). The trial court erred in determining that the judgment had “lapsed” on January 15, 1996. After that date, and before the expiration of the 20-year limitations period, the judgment creditor, either Davis International or Patel, could revive the judgment and initiate proceedings to execute on it.
Having concluded that the trial court erroneously determined that the judgment had lapsed, we must determine whether the trial court erred in finding that the judgment had not been properly revived. Patel argues *245 that the revival of the judgment was proper because, he says, he met his burden of establishing that the judgment against Berryman had not been satisfied. While it is not clear from the judgment on what basis the trial court relied, the trial court did find that the judgment had not been properly revived. This court must affirm a judgment if it is correct for any reason. Boykin v. Magnolia Bay, Inc., 570 So.2d 639 (Ala.1990); MacLean v. Moon, 567 So.2d 349 (Ala.Civ.App. 1990). Therefore, we will address the issue raised by Patel.
If a period of 10 years elapses after the entry of a judgment, with no attempt at execution of the judgment being made during that period, the judgment is presumed to have been satisfied and it becomes the judgment creditor’s burden to establish that in fact the judgment has not been satisfied. § 6-9-191, Ala.Code 1975.
“[S]o strong is this presumption of satisfaction which the law raises by lapse of time ..., it will prevail until overcome by clear and decisive proof to the contrary or by the establishment of facts and circumstances from which nonpayment may be clearly inferred_ The evidence to rebut must be strong and convincing to the effect of producing a reasonable conviction that the judgment had not been paid or satisfied.”
Gambill v. Cassimus, 247 Ala. 176, 178, 22 So.2d 909, 910 (1945) (citations omitted).
Patel did not file the motion to revive the judgment; his predecessor in interest, Davis International, filed it. That motion stated only the date of the judgment, the amount of the judgment, and that the judgment had not been satisfied. No evidence was submitted in support of that motion. Thus, when the trial court ruled upon the motion to revive the judgment, there was absolutely no evidence before the court to establish that the judgment had not been satisfied.
Patel argues only that he presented evidence to overcome the presumption of satisfaction. Patel did submit several affidavits stating that the judgment had not been satisfied. However, those affidavits were submitted in late May 1998, approximately two and a half years after the circuit court had entered its order reviving the judgment. When the circuit court entered its order reviving the judgment, there was no evidence before it to show that the judgment had not been satisfied. Thus, the order reviving the judgment contravened § 6-9-191, and the circuit court correctly set aside that order. We affirm.
We note that Patel also argues that the trial court erred in finding that neither Berryman nor his attorney had been served with a copy of the motion to revive the judgment. See Rule 5(b), Ala. R. Civ. P. The record contains conflicting evidence as to whether the motion to revive contained a certificate of service. Where the evidence conflicts regarding a question of fact, the trial court’s resolution of that conflict is afforded a presumption of correctness upon appeal. Slay v. McKean Paint & Hardware Store, Inc., 55 Ala.App. 487, 317 So.2d 326 (Civ.1975). We cannot say that the trial court erred in determining that neither Ber-ryman nor his attorney was served with notice of the motion to revive the judgment against him.
Although the trial court erred in determining that the original judgment had “lapsed,” the order setting aside the revival of the judgment is due to be affirmed.
AFFIRMED.
YATES and CRAWLEY, JJ., concur.
ROBERTSON, P.J., and MONROE, J., concur in the result.