PITTMAN, Judge.
In January 2004, the Jefferson Circuit Court rendered and entered a judgment awarding $21,483.60 to BancorpSouth Bank (“the Bank”) in its civil action against Thomas W. Gloor III; that judgment was subsequently affirmed by this court. See Gloor v. BancorpSouth Bank, 925 So.2d 984 (Ala.Civ.App.2005). In January 2015, the Bank filed and served upon Gloor a motion in the action seeking the revival of the judgment pursuant to Article 8 of Chapter 9 of Title 6, Ala.Code 1975 (Ala.Code 1975, § 6-9-190 et seq.); that motion was supported by an affidavit of one of the Bank’s recovery officers, who averred that he was familiar with the record pertaining to the recovery of the debt and judgment owed by Gloor, that the judgment remained unpaid, and that despite the Bank’s collection efforts an unpaid balance remained. Gloor filed a motion to strike the affidavit and to quash service of the motion, and he subsequently filed a brief in support of that motion and in opposition to the Bank’s revivor motion; however, for all that appears in the record, Gloor made no effort to demonstrate that he had actually satisfied the judgment. The trial court, after a hearing, concluded that the motion and affidavit demonstrated that the 2004 judgment remained unsatisfied and allowed the requested revivor. Gloor appeals.
Gloor argues that the trial court lacked subject-matter jurisdiction to act on the revivor motion because no filing fee was paid; he also argues that the trial court lacked personal jurisdiction to act because the Bank did not serve him with process pursuant to the provisions of Rule 4, Ala. R. Civ. P., governing initial service of process in the institution of civil actions. It is true that the main opinion in Hicks v. Hicks, 130 So.3d 184 (Ala.Civ.App.2012), indicates that this court has viewed the provisions of Ala.Code 1975, § 12-19-70(a), which provides that “a ... civil filing fee, known as a docket fee, [shall be] collected ... at the time a complaint is filed in circuit court ” subject to the power of the circuit court to defer that payment upon a showing of substantial hardship, as a jurisdictional prerequisite to the commencement of an action. 130 So.3d at 186-87. However, Gloor’s filing-fee argument completely misconstrues the nature of postjudgment revivor relief permissible pursuant to Ala.Code 1975, § 6-9-192, which in its 1975 recodification permitting revivor by “appropriate motion ... under the Alabama Rules of Civil Procedure” reflected the abolition of the old common-law writ of scire facias under Rule 81(c), Ala. R. Civ. P., by which judgments had formerly been revived,, and the transfer of that writ’s function in that rule to motion practice at the election of an interested party. Further, as was noted by our supreme court in Second Bank of Cincinnati v. Allgood, 234 Ala. 654, 176 So. 363 (1937), the object of revivor efforts is not to obtain a new judgment, but merely to reinvest the judgment creditor with the power of execution on a judgment already obtained in the same proceeding, and the common-law right to bring a separate action on the judgment is not affected by the availability of revivor. 234 Ala. at 656, 176 So. at 365. Thus, the Bank’s revivor motion did not involve the filing of a complaint to which the filing-fee statutes could apply, nor did it amount to anything other than a “written motion” after the “original complaint” so as to fall within the scope of Rule 5(a), *447 Ala. R. Civ. P.,[1] rather than the Rule 4 complex.
The third issue asserted by Gloor on appeal is that § 6-9-192, as applied to him by the trial court, violates constitutional due-process and equal-protection guarantees.[2] However, apart from a bare mention of his entitlement to due process and equal protection in his brief in the trial court, Gloor presented none of the constitutional arguments he has presented to this court to the trial court; those arguments are thus waived. “[Ajppellate courts will not consider constitutional challenges which were not presented to the trial court.” Tucker v. State, 445 So.2d 811, 314 (Ala.Civ.App.1984).
Finally, Gloor contends that the trial court erred as to the merits of its decision to allow revivor. In its ruling, the trial court cited this court’s decision in Slay v. McKean Paint & Hardware Store, Inc., 55 Ala.App. 487, 317 So.2d 326 (Civ. App.1975). In Slay, which was decided after the Rules of Civil Procedure were adopted, we considered whether a trial court could properly deem the statutory 10-year presumption of payment of judgments set forth in current § 6-9-191 to be rebutted by evidence from the corporate president of a judgment creditor that he was familiar with the books and records of the corporation and knew that the judgment had not been paid in full; we concluded that that evidence was sufficient proof of nonpayment to overcome the presumption and opined that a contrary holding would mean that “a plaintiff-corporation could, in effect, rarely overcome the presumption.” 55 AlaApp. at 489, 317 So.2d at 328. The trial court in this case was presented with similar affidavit testimony from a corporate officer of the Bank to the effect that the judgment entered by that court remained unpaid despite efforts to recover the outstanding balance from Gloor, and Gloor did not adduce any evidence tending to impeach that affidavit testimony.
Although Gloor contends that the trial court’s judgment is contrary to Gambill v. Cassimus, 247 Ala. 176, 22 So.2d 909 (1945), we note that our supreme court’s holding in that pre-Rules case was simply that testimony from one of the judgment creditor’s five attorneys appearing in the record to the effect that he had handled the case and had not collected the judgment did not justify reversal of a judgment declining to issue a writ of scire facias to revive a judgment that had not been executed upon in the preceding 11 years. 247 Ala. at 177-79, 22 So.2d at 910-11. Similarly, neither of the unreported federal eases cited by Gloor, PACCAR Financial Corp. v. Robbins Group International, Inc. (No. 3:97-cv-1751-SLB, Nov. 1, 2012) (N.D.Ala.2012) (not reported in F.Supp.2d), and Cunningham v. Glenn (No. 2:02-MC-03127-ID, Feb. 24, 2011) (M.D.Ala.2011) (not reported in F.Supp.2d), involved consideration of testimony of a corporate officer with responsibility for recovery of debts who would have personal knowledge derived from his em *448 ployment (as opposed to retention as a collections attorney) of whether the pertinent judgment creditor had been paid the moneys due under its judgment.
Based on the foregoing, the trial court’s judgment is affirmed.
AFFIRMED.
THOMPSON, P.J., and THOMAS, MOORE, and DONALDSON, JJ., concur.

. Gloor has not asserted any argument that the Bank's motion could not properly have been granted because it was served upon him personally and not on the attorney who had represented him in the proceedings leading to the entry of the 2004 judgment.

. We assume, for the sake of argument, that Gloor’s “as applied” challenge to § 6-9-192 is not subject to Ala.Code 1975, § 6-6-227, such that his failure to notify the attorney general of his constitutional objections would bar reversal on that basis. See generally Ex parte Squires, 960 So.2d 661, 664-66 (Ala. 2006).